[No. 30026.   Department Two.   February 4, 1947.]

HOWARD BARGREEN et al., Respondents, v. JESS LITTLE, Appellant.[1]

John W. Brisky, for appellant.

Alfred McBee, for respondents.

JEFFERS, J.—The original complaint in this action was verified on November 2, 1945; and on November 5, 1945, as shown by the sheriff's return, a copy of the summons and complaint was personally served on defendant, Jess Little, in Skagit county. The summons and complaint were filed December 10, 1945.

The basis of the action instituted by Howard Bargreen and J. S. Van Gasken, a copartnership, doing business as Bargreen & Van Gasken, as shown by the complaint, is that on July 15, 1945, a truck owned by plaintiffs and being operated by one of its employees, collided with an automo-

[1] Reported in 177 P. (2d) 85.

bile owned by defendant and being operated at the time of the accident by defendant's daughter, for the benefit of defendant and his family; that due to the negligence of the driver of defendant's car, plaintiffs' truck was damaged in the sum of four hundred dollars. It is further alleged that plaintiffs were deprived of the use of their truck for nine and one-half weeks, to their damage in the sum of ninety-five dollars.

It appears from the affidavit of James R. Hammack, an attorney of Mount Vernon, that he was at one time attorney of record for defendant in this action, and that he caused to be served on Alfred McBee, attorney of record for plaintiffs, sometime prior to December 5, 1945, a notice of defendant's appearance in the cause.

On December 5, 1945, Mr. McBee, as counsel for plaintiffs, filed in the cause a motion and affidavit for default. In this affidavit, Mr. McBee stated that the summons and complaint were served upon defendant on November 5, 1945; that on November 16, 1945, defendant appeared by serving upon affiant a notice of appearance, wherein Dave Hammack and James R. Hammack appeared as attorneys for defendant; that defendant has made no appearance in the action, other than by such notice, and that more than twenty days have elapsed since the service of the summons and complaint upon defendant.

On December 5, 1945, a notice that the above motion would be brought on for argument on December 17th following, was served on Hammack & Hammack, attorneys for defendant, who accepted service of the notice on December 5th.

On December 10th, defendant signed and verified an answer to the above complaint, wherein Hammack & Hammack appear as attorneys for defendant. It appears from the affidavit of James R. Hammack that this answer was served upon counsel for plaintiffs sometime before the motion for default was called up for argument. It does not appear that the answer was ever filed of record. Apparently, after this answer was served, counsel for plaintiffs

did not press his motion for default. There is nothing in the record to show when Hammack & Hammack withdrew as attorneys for defendant.

On January 3, 1946, defendant signed and verified an amended answer and cross-complaint, in which John W. Brisky appeared as attorney for defendant. The record shows that on February 11, 1946, Mr. McBee, as attorney for plaintiffs, accepted service of the amended answer and cross-complaint, and so far as the record shows, Mr. McBee had no knowledge of any change of defendant's attorneys until this amended answer and cross-complaint was served upon him.

Prior to the service of the amended answer and cross-complaint, and on February 7, 1946, Mr. McBee served upon Hammack & Hammack a notice that on February 11th he would ask the court to fix a date for the trial of the action. This notice, as is customary, also contained a direction to the clerk to place the cause on the calendar for Monday, February 11, 1946. James R. Hammack, as attorney for defendant, accepted service of the above notice. On February 11th, the cause was apparently set for trial on March 26, 1946, without objection, in so far as the record shows.

On February 23rd, defendant filed in the cause an affidavit of prejudice against Judge Brickey. It does not appear in the record that the affidavit of prejudice or the motion to which we shall refer were ever called to the attention of Judge Brickey, or that he ever acted thereon in any manner.

The only thing which appears relative to the affidavit of prejudice is a statement contained in what is termed "Motion in Support of Affidavit of Prejudice," signed by John W. Brisky, attorney for defendant, and filed on March 21, 1946, wherein Mr. Brisky states that counsel for plaintiffs agreed that this motion might be filed and argued at the convenience of the court. Service of the motion was accepted by Mr. McBee on March 21st. It does not appear that the motion was ever argued, or, as stated, ever called to the court's attention.

Defendant also filed a demand for a jury on March 21, 1946, but the record does not show that defendant ever deposited the necessary jury fee, as required by Rem. Rev. Stat., § 316 [P.P.C. § 99-1], which provides:

"In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. At the time of filing such statement such party shall also deposit with the clerk of the court twelve dollars, which deposit, in the event that the case is settled out of court prior to the time that such case is called to be heard upon trial, shall be returned to such party by such clerk. Unless such statement is filed and such deposit made, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court: Provided, that, in the superior courts of counties of the first class such parties shall serve and file such statement, in manner herein provided, at any time not later than two days before the time the case is called to be set for trial."

The jury fee not having been deposited as required, defendant will be deemed to have waived his demand for a jury. In addition, it does not appear that this demand was called to the court's attention, and so far as the record shows, defendant went to trial before Judge Brickey without objection, either in regard to his affidavit of prejudice or his demand for a jury.

We have no statement of facts before us in this case. The judgment in favor of plaintiffs was filed April 15, 1946, and the statement of facts was filed with the clerk of the superior court August 8th following. It is thus apparent that the statement of facts was not timely filed, and counsel for defendant does not contend otherwise.

The trial court made and entered findings of fact, conclusions of law, and judgment. The findings recite:

"This matter, having come on regularly for trial before the above entitled court, on this 26th day of March, 1946, upon the complaint of the plaintiffs and the answer and cross-complaint of the defendant, and J. S. Van Gasken, one of the plaintiffs, appearing in person and by his attor-

ney, Alfred McBee, and the defendant, Jess Little, appearing in person and by his attorney, John W. Brisky, and both parties having introduced oral and written testimony, and having rested, and the counsel for both parties having made their arguments to the court, and the court having taken the matter under advisement, and having examined the records and files herein and being fully advised in the premises, makes the following Findings of Fact. . . ."

Findings and conclusions were then made, and a judgment entered, wherein plaintiffs were awarded judgment against defendant in the sum of $495, together with costs. Defendant has appealed from this judgment.

Appellant's assignments of error are:

"1. Failure of the court to allow the motion and affidavit of prejudice and change of judge.

"2. Failure of the court to allow a jury trial.

"3. Failure of the court to strike plaintiff's reply, served upon appellant after the commencement of the trial."

Appellant first contends that his affidavit of prejudice was timely filed, and that upon the filing of such affidavit Judge Brickey was deprived of jurisdiction to try the case on the merits.

Rem. Supp. 1941, § 209-2 [P.P.C. § 102-15], provides:

"Any party to or any attorney appearing in any action or proceeding in a Superior Court, may establish such prejudice by motion, supported by affidavit that the Judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such Judge: *Provided,* That such motion and affidavit is filed *and called to the attention of the Judge* before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action . . ." (Italics ours.)

As stated, it does not appear that appellant's motion and affidavit were ever called to Judge Brickey's attention, and so far as the record shows, appellant went to trial before Judge Brickey without objection, introduced testimony, and made an argument on the merits to the court.

We are clearly of the opinion that the record shows ap-

pellant waived whatever right he may have had based upon his motion and affidavit of prejudice.

■ We are also of the opinion that the record shows appellant waived his demand for a jury. He deposited no jury fee, and he went to trial before Judge Brickey without any objection, in so far as the record shows. Certainly, before appellant can rightfully contend in this court that Judge Brickey erred in trying this case, and in proceeding without calling a jury, it must appear affirmatively that these motions were called to his attention, and that he proceeded regardless of such motions and over the objection of appellant. As stated, nothing of that kind appears in the record.

■ We are of the opinion there is no merit to appellant's third assignment of error. The trial court has a wide discretion in regard to permitting the filing of pleadings. It does not appear that appellant was prejudiced in any manner by permitting respondents to file their reply on the first day of the trial. It does not appear that appellant asked for any continuance, and in fact he does not contend that he was prejudiced by this action of the trial court.

In view of the fact that we have no statement of facts before us, we have been compelled to base our decision upon a transcript of the record filed by counsel for appellant and a supplemental transcript filed by counsel for respondents.

The findings of fact support the judgment entered; and, finding no error in the record available to appellant, the judgment of the trial court is affirmed.

MALLERY, C. J., STEINERT, ROBINSON, and HILL, JJ., concur.