[No. 40026. Department Two. December 19, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT J. RIDDELL, *Appellant*.*

*Jess E. Minium, Jr.* (of *Callahan & Minium*), for appellant (appointed counsel for appeal).

*Henry R. Dunn,* for respondent.

McGOVERN, J.—Found guilty by jury verdict of second degree assault, Robert Riddell was sentenced to imprisonment for a term of not more than 10 years. The October 27, 1966 judgment and sentence entered on that verdict suspended the imposition of sentence and granted the defendant probation upon terms including, but not limited to the following:

*Reported in 449 P.2d 97.

That the defendant is placed under the active supervision of the Board of Prison Terms and Paroles of the State of Washington for a period of three (3) years;

. . . .

That the defendant shall reimburse the victim, William Lewis, for all medical expenses not paid. by insurance, and shall reimburse William Lewis for any loss of wages suffered on account of the injuries sustained by the act of the defendant. Such reimbursement to be made within a reasonable time after the defendant is gainfully employed and upon the presentation of the Affidavit of William Lewis as to the amounts of reimbursement;

. . . .

That the defendant shall reimburse Cowlitz County for for [sic] the cost of his Court Appointed Counsel, prior to his release from his probationary status;

Said sentence is further suspended on the condition that the defendant shall not violate any Laws of the State of Washington or any other law-making body in any manner whatsoever.

It was also provided that the court would retain jurisdiction over the defendant.

Approximately 1 year later, October 24, 1967, the Cowlitz County prosecutor asserted that Mr. Riddell had violated the terms of his probation and asked the trial court to order a bench warrant for his arrest. The warrant issued and Mr. Riddell was taken into custody.

On November 17, 1967 a court hearing was held on the prosecutor's motion to revoke the order of probation. Mr. Riddell's trial counsel represented him at that hearing. Testimony was taken of several state witnesses and of defendant Riddell and his wife. The court thereafter revoked the probationary status of Mr. Riddell and ordered the imposition and execution of sentence against him. He appeals.

During the course of the hearing much hearsay testimony was introduced by the state and admitted into evidence over defendant's objection. For that reason Mr. Riddell argues that he was denied a fair hearing and that he was therefore deprived of his liberty without due process of law.

■ We earlier said, and we now reiterate, that both the granting and the revocation of probationary status is a determination that rests almost exclusively with the trial judge. *State v. Giraud,* 68 Wn.2d 176, 412 P.2d 104 (1966). *And see* RCW 9.92.060, RCW 9.95.200 and RCW 9.95.220, which constitute the express legislative authority for both the granting and revocation of probation by the superior court judges of this state.

While it is true that the fundamental elements of fair play must be taken into account at the time of a revocation hearing, nonetheless

whether probation shall be granted rests in the sound discretion of the trial court. It comes as an act of judicial grace or lenience motivated by many judicial hopes, among which are that the offender will mend his ways, make restitution and avoid not only repetition of his offense but the appearance thereof. (Quoting from *State ex rel. Woodhouse v. Dore,* 69 Wn.2d 64, 69-70, 416 P.2d 670 (1966).)

■ Nor is the hearing on a motion to revoke probation a criminal proceeding completely within the ambit of the Bill of Rights and the fourteenth amendment to the United States Constitution or of article 1, section 22 of our state constitution. *State ex rel. Woodhouse v. Dore, supra; State v. Shannon,* 60 Wn.2d 883, 376 P.2d 646 (1962). The constitutional due process rights of a probationer are not the same as those of one accused of a crime, but who has neither pleaded guilty nor been tried. Because of his conviction, and the order of the court under which he is at liberty, the probationer's rights are something less. At a revocation hearing he is not entitled to a jury trial; the accused at his criminal trial is entitled to one. An accused is entitled to face his accusers. (Const. art. 1, § 22); a probationer is not automatically entitled to such right. It is only when the significant matter at issue is presented through hearsay and is otherwise unsupported and materially denied by the probationer, that due process supports his claimed right of confrontation. If the continuance or revocation of probation, and therefore liberty, turns on such materially denied evi-

dence, fair play, justice and due process cannot permit otherwise.

And *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 Sup. Ct. 254 (1967), does not hold that a probationer is entitled to all constitutional rights of due process as Mr. Riddell would contend. The holding is restrictive, that is:

> All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing. (Quoting from *Mempa v. Rhay, supra,* at 137.)

We decline to extend the holding beyond that express import.

Defendant Robert Riddell was given a fair hearing and accorded the due process safeguards to which he was entitled, to wit: representation by competent counsel; adequate notice of the hearing and of the claimed violations of probation; opportunity to cross-examine the state witnesses; opportunity to testify and to answer, rebut or explain away the claimed violations. In fact, Mr. Riddell and his wife both testified. Sufficient findings to support the order of revocation were based on direct evidence.

The record discloses direct testimony that the defendant told a probation officer that he would not reimburse the victim of his assault even though he had $1,000 in his pocket with which to do so. He thus declined to comply with one of the requirements of the probation order. There was direct testimony that the defendant was hired to cut wood, that the witness observed him cutting it and that the defendant was paid approximately $1,100 for doing so. Nonetheless, Mr. Riddell advised the testifying probation officer that he would not reimburse the county because his court appointed counsel (not the counsel on appeal) had not adequately represented him at the time of trial. This too was a violation of the probation order. Additionally, Mrs. Riddell admitted at the time of the hearing that the defendant had attacked her and blackened her eye. This also was a violation of the terms of probation.

■ It is apparent that the probation was not arbitrarily and capriciously revoked. Testing the record in the light

of familiar principles governing the exercise of judicial discretion, we find sufficient facts warranting the trial court's conclusion that the probationer violated the terms of his probation. We, as a court of review, will not, therefore, substitute our discretion for that of the sentencing judge.

The order is affirmed.

FINLEY, C. J., WEAVER and HUNTER, JJ., and WILLIAMS, J. Pro Tem., concur.

_____

January 24, 1969. Petition for rehearing denied.