[No. 281-3.    Division Three.    May 20, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. MATTHEW EDWARD LEIGHTY, *Appellant*.

*Eugene G. Schuster* (of *Critchlow, Williams, Ryals & Schuster*), for appellant (appointed counsel for appeal).

*Herbert E. Davis, Prosecuting Attorney*, for respondent.

MUNSON, C.J.—In December of 1963 defendant Matthew Edward Leighty pled guilty to the crime of second-degree burglary. The trial court granted him a deferred sentence upon certain conditions, one being he serve a 3-year probationary period. In March 1966, after a hearing, defendant's probation and order of deferred sentence was revoked. Upon a writ of habeas corpus the Supreme Court overturned the revocation, ostensibly because of *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967), and remanded the cause for new hearing. A subsequent hearing was held and again an order revoking defendant's probation was entered. Defendant appeals. We affirm.

The primary issue raised by defendant is what quantum of proof is necessary to establish probation violations sufficient to warrant revocation. Defendant, citing *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970),

contends the degree of proof should be that of beyond a reasonable doubt. We disagree. The instant proceeding was subsequent to a factual determination of the original adjudication of guilt, not the original trial as such.

As observed in *State v. Shannon*, 60 Wn.2d 883, 376 P.2d 646 (1962):[1]

> The court need not be furnished with evidence establishing beyond a reasonable doubt guilt by the probationer of [probation violations]. All that is required is that the evidence and facts be such as to *reasonably satisfy* the court that the probationer is "violating the terms of his probation, . . .

(Italics ours.) *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968); *Burns v. United States*, 287 U.S. 216, 77 L. Ed. 266, 53 S. Ct. 154 (1932); *Manning v. United States*, 161 F.2d 827, 829 (5th Cir. 1947), *cert. denied*, 332 U.S. 792, 92 L. Ed. 374, 68 S. Ct. 102 (1947); *United States v. Bryant*, 431 F.2d 425 (5th Cir. 1970); *United States v. D'Amato*, 429 F.2d 1284 (3d Cir. 1970); *United States v. Lauchli*, 427 F.2d 258 (7th Cir. 1970); *People v. Hayko*, 7 Cal. App. 3d 604, 86 Cal. Rptr. 726 (1970); *People v. Walker*, 122 Ill. App. 2d 461, 259 N.E.2d 304 (1970).

Our review of the record discloses sufficient evidence to warrant probation revocation.

Defendant was present at the hearing, was represented by counsel, had the opportunity to cross-examine the state's witnesses and to explain the evidence introduced by the state; however, he chose not to do so. As a result, defendant now contends the trial court presumed he was guilty because of his silence. The portions of the trial court's memorandum opinion cited by defendant in support of this contention do nothing more than explain the trial court's rationale for its decision, *i.e.*, the evidence against defendant was believable, unrebutted because of his silence and

---

[1] While that portion of this opinion relating to a probationer's lack of a right to counsel at a revocation hearing has been inferentially overruled by *Mempa v. Rhay*, *supra*, the quoted portion is still the applicable law in this state and under federal authority.

consequently sufficient to warrant probation revocation. Judgment affirmed.

GREEN and EVANS, JJ., concur.