[Crim. No. 5482. Fourth Dist., Div. One. Apr. 15, 1974.].

THE PEOPLE, Plaintiff and Respondent, v.
BOBBY MITCHELL BAKER, Defendant and Appellant.

## COUNSEL

J. Perry Langford, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Bobby Mitchell Baker, defendant, appeals a judgment sentencing him to prison after the court revoked his probation.

Baker was convicted of second degree burglary and was placed on probation for three years on December 22, 1971. Baker escaped from the San Diego Work Furlough Center on July 10, 1972. On March 14, 1973, Baker remained missing. The court revoked his probation and issued an arrest warrant.

One week after his escape, Baker had been arrested in El Paso, Texas. He remained in custody in Texas until March 30, 1973, when he was extradited to California. A supplemental probation officer's report of April 10 related some of the circumstances of Baker's escape, and noted a criminal complaint charging escape had been filed.

A hearing was held on April 12, 1973. At the outset Baker's attorney requested a five minute break to read to Baker the supplemental report, explaining Baker did not read very well, and possibly had confused the purpose of the hearing with a preliminary hearing to be held that afternoon on the escape charges. The court granted a half hour recess. When the hearing resumed, the court, to clarify the matter, said Baker was in court for sentencing following revocation of probation after absconding. Baker requested the hearing be continued until the escape charges pending against him could be adjudicated. He also requested the court substitute the attorney representing him in the escape matter for his attorney at the hearing. Baker and his attorney suggested there were certain facts which mitigated his escape, although Baker did admit escaping.

Baker contends his probation revocation violated due process of law guaranteed by the Fourteenth Amendment.

■ When a probationer absconds, his probation may be summarily revoked, but after he is taken into custody, he must be given a probation revocation hearing. At this hearing he is entitled to written notice of the charges against him, disclosure of the evidence against him, the right to confrontation, to be heard and to present witnesses and evidence. He must be given a written statement of the reasons for probation revocation, if his probation is revoked (*People* v. *Vickers,* 8 Cal.3d 451, 457, 461 [105 Cal. Rptr. 305, 503 P.2d 1313]).

■ Baker first contends he was "denied any hearing whatever as to whether probation should be revoked." He emphasizes the court's remark, at the outset of the April 12, 1973 hearing, that probation had been revoked and Baker was there for sentencing. Defense counsel also led off his remarks with a comment the hearing was for the "pronouncement of sentencing in the instant matter, passing of judgment" (*sic*).

Notwithstanding these remarks by the court and counsel, the scope of the hearing was set by what was heard and decided. Defense counsel was allowed to argue in mitigation of Baker's escape from custody of the sheriff which had been imposed as a condition of probation. Baker was also allowed to address the court. Defense counsel asked Baker "if at all possible to be reinstated on the probationary status on this case." In an obvious reference to Baker's clear-cut violation by escaping from probationary custody, the court noted: "I don't think further talk is really going to change or dilute the clarity of the issue that is before me now."

It is clear the proceedings of April 12, 1973, involved the issue of whether Baker should be continued on probation or sent to prison. If it appeared to

be a foregone conclusion he would be sentenced to prison, that can be attributed to his serious violation of probation and his poor record. Baker thus was accorded a probation revocation hearing as required by *Gagnon* v. *Scarpelli*, 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756] and *People* v. *Vickers, supra,* 8 Cal.3d 451.

■ Baker argues he was not given written notice of the probation violations charged against him.[1] The record demonstrates otherwise. Baker's attorney asked for a few minutes to read the supplemental report to Baker, saying his client did not read well. This statement implies Baker had been given a copy of the report earlier. The court gave Baker and his counsel one-half hour to re-read the two-page report. More important, neither Baker nor his attorney objected they had inadequate notice of the charges. Absent objection, we will not imply inadequate notice from a record which is silent as to exactly how Baker was given notice of the charges.

■ Baker contends he was deprived of his rights to be heard in person, to present witnesses and documentary evidence, and to confront and cross-examine witnesses against him. Since Baker was present at the hearing, and in fact spoke at some length to the trial court, the allegation he was denied the right to be heard is groundless. The other contentions relate to the court's denial of Baker's request the hearing be continued, so he could be allowed to show the factors which caused him to escape and prevented his return.

Baker's attorney suggested there may have been some misunderstanding between Baker and the supervisor of the work furlough regarding how much time he would be allowed to be gone. He also suggested the fact Baker was in custody in Texas might have some bearing on the escape charge. Baker was allowed to address the court and said he was in custody (in Texas) within a week after "I walked off work furlough, and I blew it. . . ." He said he learned the cooking and baking trade in the Texas jail. He had not committed a "major crime."

The court heard these offers: Commenting on counsel's representations, the court said: "The Defendant escaped July 10, 1972. Not one word was

---

[1]The People contend Penal Code section 1203.2 and Evidence Code section 664 create a presumption Baker received notice of the revocation hearing. While this may be true, there is no presumption he received written notice of the alleged *probation violations.* Since there is no statutory duty to supply a probation officer's supplemental report to the probationer, no assumption may be made Baker was given a copy of the reports. To assure compliance with this requirement, the record should affirmatively demonstrate service of written notice on the probationer.

heard from him, not a post card, not a telephone call, not anything, until he was picked up by the El Paso Police Department.

"I can't imagine anything that would mitigate that sort of showing."

Following Baker's own statement, the court made its comment, to which we have alluded, that further talk would not clarify the issue before it.

In effect the court accepted the offers of Baker and his attorney to prove matters in mitigation of his escape and concluded these matters would not alter his decision. Since what was offered had little or no probative value with regard to mitigation, we find no abuse of discretion or prejudice in the court's refusal to continue the hearing so evidence could be received to substantiate the offers.

■ Baker contends he was not given a written statement of the evidence relied on and the reasons for his probation revocation. The trial court during the hearing said the clear showing of violation of probation requirements by absconding, combined with Baker's extensive past criminal record, precluded probation. The transcript of the hearing serves as the required written statement (*People* v. *Scott,* 34 Cal.App.3d 702, 708 [110 Cal.Rptr. 402]). The court's reasons were clearly stated, are in a reviewable record and support its order.

While we hold the record before us adequately demonstrates Baker was accorded due process of law under *Gagnon* and *Vickers,* we do not imply the record is a paradigm to be emulated. It should not be necessary for this court to glean compliance with due process requirements by implication and waiver. The court and counsel should assure the record demonstrates when, how and in what form the probationer was given notice of the charges against him and that the hearing was to determine whether probation should be, or stand, revoked. The court should, of course, make a clear statement (as it did here), or a written record of the evidence relied upon and the reasons for revoking probation.

Baker urges this court to exercise its supervisorial powers to correct inadequacies in the procedures followed by the lower court in conducting probation revocation hearings. He argues this is most effectively done by reversals. While that may be, the interests of justice in this case would not be furthered by a reversal where Baker was accorded due process even though the record could well be better.

We do admonish the lower court to not only follow the procedural and

substantive requirements laid down by the Supreme Courts of this country and state but to make adherence to those requirements clear in the record.

Judgment affirmed.