[No. 1385-2.   Division Two.   July 9, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY SMITH, *Appellant*.

*J. Rex Behrhorst* and *Conniff, Taylor, Behrhorst & Taylor*, for appellant.

*Craig Ritchie, Prosecuting Attorney*, for respondent.

WIEHL, J.*—Gary Smith appeals from a decision to revoke his probation and from the ensuing imposition of sentence. Smith's appeal raises several issues: (1) whether he

---

*Judge Lloyd Wiehl is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

should receive a new revocation hearing because the judge presiding at his revocation hearing was subject to an affidavit of prejudice, filed prior to the original trial; (2) whether the admission of hearsay testimony and the failure of the court to enter formal findings of fact and conclusions of law denied him due process; (3) whether the evidence was sufficient to justify revocation of probation; and (4) whether the court erred in not listening to sentencing alternatives, after concluding that the alleged violations had occurred. We hold that defendant's failure to bring the affidavit of prejudice to the attention of the trial judge at any time prior to or during the revocation hearing constitutes waiver of any rights created by that affidavit. We also reject defendant's other challenges to the conduct of the revocation hearing and conclude that there was sufficient evidence to support the decision to revoke probation. We therefore affirm.

On June 14, 1973, a Clallam County jury convicted Smith of three counts of carnal knowledge arising from various encounters with a minor female. Smith's attorney timely filed an affidavit of prejudice against Clallam County Superior Court Judge G. B. Chamberlin. Therefore, the case was heard by visiting Judge Bryan of Kitsap County. Following conviction, Judge Bryan granted Smith a deferred sentence and placed him on probation. On February 13, 1974, Smith was arrested in Oregon for probation violations allegedly relating to the same minor female involved in the events leading to his original conviction. Smith was returned to Clallam County for a probation revocation hearing, which was held on February 15, 1974, before Judge Chamberlin. At the conclusion of the hearing, Smith's probation was revoked and he was sentenced to 15 years on the original carnal knowledge conviction.

Smith first argues that the mere existence of an affidavit of prejudice[1] in the court file should have pre-

---

[1] RCW 4.12.040 and RCW 4.12.050 provide a means whereby a party or his attorney may challenge a particular judge's ability to fairly try a case by filing a motion and affidavit of prejudice.

vented Judge Chamberlin from presiding at the revocation hearing. We disagree. Normally, an affidavit of prejudice has the effect of divesting a judge of all authority to proceed further into the merits of the action. *State v. Dixon,* 74 Wn.2d 700, 446 P.2d 329 (1968). However, the situation in the instant case is similar to that before the court in *Bargreen v. Little,* 27 Wn.2d 128, 177 P.2d 85 (1947), where an affidavit of prejudice was timely filed but not brought to the attention of the trial judge before the litigation was commenced. The court in *Bargreen* concluded that going to trial before the challenged judge without objection, introducing testimony, and arguing on the merits without bringing the affidavit of prejudice to the attention of the challenged judge, constituted waiver of any rights created by the affidavit. *Bargreen v. Little, supra* at 132. Although the instant case concerns a hearing subsequent to trial, and although Judge Chamberlin at one time knew of the affidavit of prejudice, we do not believe that it should be the responsibility of the trial judge to meticulously examine each file before him for the possible existence of an affidavit of prejudice. The revocation hearing here took place almost a full year from the time of the filing of the affidavit by Smith's attorney. Moreover, Smith's attorney admitted in his brief and again during oral argument that he had forgotten that an affidavit of prejudice was on file. Inasmuch as the affidavit of prejudice statute was intended to protect the trial bar and the parties they represent from possible prejudice from the bench, we do not believe that it would place an undue burden on the trial bar to ask that they bring such affidavits to the attention of the challenged judge, especially after a long hiatus in the proceedings, as occurred here. We conclude that failure to do so constituted waiver.

█ Smith next contends that the admission of certain hearsay statements at the revocation hearing constituted reversible error and a denial of due process. It is unnecessary to examine in detail the nature of the challenged statement, for we conclude that strict rules of evidence

need not be adhered to at probation revocation hearings. A probation revocation hearing must be conducted in accordance with at least "minimum standards of due process." *State v. Johnson,* 9 Wn. App. 766, 514 P.2d 1073 (1973); *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968). However, it must be recognized that probation revocation is not a stage of the criminal prosecution, and that the defendant is not entitled to a full panoply of his constitutional rights. The court in *State v. Riddell, supra,* implied that hearsay testimony is admissible but warned that "when the significant matter at issue is presented through hearsay and is otherwise unsupported and materially denied by the probationer, . . . due process supports his claimed right of confrontation." *State v. Riddell, supra* at 87. In the instant case, Smith's accuser testified in person at the revocation hearing. Therefore, the alleged hearsay testimony and exhibits were not exclusively relied upon to establish the "significant matter at issue." We conclude, therefore, that their admission did not constitute a denial of due process.

■ Smith next asserts that formal findings of fact and conclusions of law should have been entered at the conclusion of the revocation hearing. We conclude that they were not necessary. One of the minimum requirements of due process at a probation revocation hearing is a written statement by the fact finder as to the evidence relied on and reasons for revoking probation. *State v. Johnson, supra* at 772, quoting from *Morrissey v. Brewer,* 408 U.S. 471, 489, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). However, we find that the certified record of the probation revocation hearing more than adequately serves as the required written statement. *People v. Baker,* 38 Cal. App. 3d 625, 630, 113 Cal. Rptr. 244 (1974); *cf. State v. Short,* 12 Wn. App. 125, 528 P.2d 480 (1974). The trial judge explained at length his reasons for revoking Smith's probation and the evidence relied on to reach that conclusion. Therefore, because appellate review was not foreclosed by the absence of formal findings of fact and conclusions of law, we hold that the requirements of due process were accorded the probationer.

■ Smith contends that there was insufficient evidence before the court to justify revocation of his probation. We find no merit in this contention. Although conflicting accounts of the alleged events were presented at the hearing, it is for the trial judge to determine whether these accounts "reasonably satisfy the court that the probationer is violating the terms of his probation . . . " *State v. Kuhn*, 7 Wn. App. 190, 195, 499 P.2d 49 (1972); *State v. Leighty*, 5 Wn. App. 30, 485 P.2d 91 (1971). Although the defendant denied the accusation, the trial court heard testimony by the minor female alleging that the defendant had engaged in sexual relations with her. It was for the trier of fact to choose whom to believe. We, as a court of review, will not substitute our discretion for that of the hearing tribunal. *State v. Riddell, supra* at 89.

Smith's final contention is that the trial court erred in refusing to listen to sentencing alternatives. However, the record clearly indicates that no alternatives to sentencing were offered by the defendant. Therefore, defendant's contention is totally without merit.

Affirmed.

JOHNSON (A.C.J.) and COCHRAN, JJ. Pro Tem., concur.

Petition for rehearing denied August 26, 1975.

Review denied by Supreme Court October 21, 1975.