[No. 4401-1.   Division One.   September 27, 1976.]

*In the Matter of the Welfare of* CLINTON LYLE AMES.

*Robert C. Boruchowitz* of *Seattle-King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas F. Kelly, Jr., Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

We note that this is the third in a series of cases in which this court has recently had occasion to review the current status of the law relating to juvenile court practice and procedure in the state of Washington.

In the case of *In re Noble,* 15 Wn. App. 51, 547 P.2d 880 (1976), we summarized the requisites of a juvenile delinquency trial (called a "fact-finding" hearing in juvenile court terminology). Then in *In re Hernandez,* 15 Wn. App. 205, 548 P.2d 340 (1976), we covered the steps to be fol-

lowed in transferring jurisdiction over a juvenile from juvenile court to the criminal court system (commonly referred to as a "decline" or "transfer" hearing). We now deal with the requirements of a juvenile court probation revocation proceeding.

A brief resumé of the facts of this case and the proceedings in juvenile court is necessary to our disposition of the case. It is also instructive in showing how the juvenile court, in the interests of the juvenile as well as of society, seeks to head youngsters off life's wrong paths and onto the right ones.

In the present case, the minor is before this court on certiorari for review of an order of the Juvenile Court for King County (hereinafter the "juvenile court") revoking his probation.

The case had its inception when a petition was filed in juvenile court alleging that the minor had committed two school burglaries and was therefore a delinquent child as defined by law. RCW 13.04.010. He appeared with legal counsel and has since been represented by counsel at each stage of the juvenile court proceedings and in this court.

At a fact-finding hearing, the minor, in effect, was found to have committed one of the burglaries and to be a delinquent. He was subsequently given the juvenile court equivalent of a deferred sentence, being placed on what is termed in juvenile court as "deferred status." This took the form of a deferred finding of delinquency and an order placing the minor on probation subject to certain conditions established by the juvenile court. JuCR 5.3 (d).

The minor was notified in writing that a violation of probation might result in modification of his probation or commitment to a juvenile institution. He signed a written acknowledgment that he had received this notice.

Some time later, a petition for revocation of probation was filed against the minor in juvenile court. The petition alleged that he had violated the terms and conditions of his probation by taking and riding a motorcycle without permission of the owner. RCW 9.54.020.

Another fact-finding hearing was held. Witnesses testified that they saw the minor riding a Honda motorcycle into a wooded area where it was found the next day disassembled and partly stripped. Other witnesses testified to the effect that the motorcycle was stolen, such testimony being introduced without objection. A copy of the vehicle theft report showing the motorcycle to have been stolen was admitted into evidence over defense objections. Thereupon the juvenile court found the allegations of the petition for revocation to be correct.

This time a suspended commitment order was entered. By the terms of such order, the minor was committed to the State of Washington Department of Social and Health Services, Division of Institutions. The order also, however, stayed the commitment and the minor was again placed on probation, subject to various conditions including that he render 25 hours of public service.

The minor, through his attorney, thereupon petitioned this court to review the suspended commitment order and we granted certiorari. CAROA 57 (b) (3).

## ISSUES

Issue One. What is the nature of a juvenile court probation revocation proceeding, and in particular, what proof is required at such a hearing before revocation of a minor's probation is warranted?

Issue Two. Did the probation revocation hearing procedures in juvenile court provide the minor with all of the legal safeguards to which he was entitled?

Issue Three. Did the introduction of a copy of a vehicle theft report into evidence at the revocation hearing constitute prejudicial error?

## DECISION

Issue One.

Conclusion. A juvenile court probation revocation hearing is not a full-blown delinquency trial (fact-finding hearing). The petitioner (State) is not required to prove a violation of the law or other condition of probation beyond a reasonable doubt; it need only present evidence which

reasonably satisfies the court that the probationer has violated the law or some other condition of probation.

The law with respect to revocation of probation in adult cases is well summarized by the State Supreme Court in a case involving the revocation of a deferred sentence:

> As with the granting of probation, the decision to revoke a deferred sentence and probationary status rests in the sound discretion of the trial court. *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968); *State v. Giraud*, 68 Wn.2d 176, 412 P.2d 104 (1966). At the probation revocation hearing, the court need not be furnished with evidence establishing guilt of criminal offenses beyond a reasonable doubt. *State v. Shannon* [60 Wn.2d 883, 376 P.2d 646 (1962)]. All that is required is that the evidence and facts be such as to reasonably satisfy the court that the probationer has breached a condition under which he was granted probation, or has violated any law of the state or rules and regulations of the Board of Prison Terms and Paroles. *State v. Shannon, supra*; RCW 9.95.220; RCW 72.04A.090.

*State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972). *Accord, State v. Johnson*, 9 Wn. App. 766, 769, 514 P.2d 1073 (1973); *State v. Smith*, 13 Wn. App. 859, 863, 539 P.2d 101 (1975); *State v. Bergen*, 13 Wn. App. 974, 979, 538 P.2d 533 (1975).

These same principles apply to juvenile court probation revocation proceedings since

> the revocation of a juvenile's probation is not a part of the finding of delinquency. This determination must have already been made, and the issue presented to the court is essentially whether there should be a change in the form or course of rehabilitation which had heretofore been ordered.

*In re Maricopa County Juvenile Action*, 111 Ariz. 135, 137, 524 P.2d 1310, 1312 (1974). *Accord, State ex rel. Gillard v. Cook*, 528 S.W.2d 545 (Tenn. 1975). *See* RCW 13.04.150.

We hold that in a juvenile court probation revocation hearing the court need only be reasonably satisfied that the juvenile probationer has committed a violation of the law or has violated some other condition of probation, and proof

of such violation beyond a reasonable doubt is not required.

Measured by such standard, there was sufficient evidence introduced at the revocation hearing to support the court's findings.

ISSUE TWO.

CONCLUSION. The minor probationer was accorded all of his constitutional and other legal rights at the juvenile court probation hearing.

The juvenile court has broad authority to modify its disposition orders with regard to juveniles subject to its jurisdiction. This authority derives from the following statute:

> Modification of orders. Any order made by the court in the case of a dependent or delinquent child may at any time be changed, modified or set aside, as to the judge may seem meet and proper.

RCW 13.04.150.

This statute reflects a legislative policy that juvenile court process should be readily adaptable to changing circumstances. A change in a court order may be required for any number of reasons including the acts or conduct of the minor, as here, or because of changes in circumstances over which the minor has no control.

Our review of the record in this case establishes that at the probation revocation proceedings the minor probationer was provided with the following: (1) written notice of the claimed probation violation; (2) disclosure to the probationer of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached juvenile court judge or commissioner to conduct the proceedings; (6) written findings as to the facts relied on and the reasons probation was revoked (as well as its equivalent, a stenographic transcript of the revocation hearing);[1] and (7) representation by legal counsel.[2]

---

[1] See State v. Smith, 13 Wn. App. 859, 862, 539 P.2d 101 (1975).

[2] Although the right of a minor to counsel at the probation revocation stage of events does not appear to be uniformly provided in all

*In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967) dealt with due process requirements in the adjudicatory phases of a juvenile court case. *See* discussion in *In re Noble*, 15 Wn. App. 51, 547 P.2d 880 (1976). The United States Supreme Court has not yet, however, spoken with respect to due process requirements in juvenile court post-adjudicative proceedings.

A detailed analysis of the rights of a juvenile court probationer would serve but little purpose in the present case, since it is clear that the rights accorded the minor petitioner at his probation revocation hearing met or exceeded standards established by even those courts which are the most liberal in their concern for juvenile rights. *State ex rel. Bernal v. Hershman*, 54 Wis. 2d 626, 196 N.W.2d 721 (1972); *In re Heuermann*, ——— S.D. ———, 240 N.W.2d 603 (1976); *State ex rel. R. R. v. Schmidt*, 63 Wis. 2d 82, 216 N.W.2d 18 (1974); *State ex rel. D. E. v. Keller*, 251 So. 2d 703 (Fla. App. 1971); *Keller v. State ex rel. Epperson*, 265 So. 2d 497 (Fla. 1972); *Smith v. Cook*, 105 Ariz. 390, 465 P.2d 370 (1970); *Franks v. State*, 498 S.W.2d 516 (Tex. Civ. App. 1973).

■ Further, the minor's rights in this case were fully equal to those accorded at adult probation revocation hearings. *Morrissey v. Brewer*, 408 U.S. 471, 480, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967); *State v. Johnson*, 9 Wn. App. 766, 770, 514 P.2d 1073 (1973). See P. Brown, *Probation Revocation: A Survey of Constitutional Rights Since Mempa v. Rhay*, 8 Gonzaga L. Rev. 110 (1972-73).

We hold that the minor probationer was fully accorded all of his constitutional and other legal rights by the proba-

___

states, our Juvenile Court Rules expressly grant the right to counsel and provide that indigents have the right to have appointed counsel in any proceeding "where the matter is serious enough that the court might consider removing the child from the custody of his parents or custodian, or committing the child to the Department of Institutions." JuCR 7.2(b).

tion revocation procedures employed. We need not here determine whether more informal and less comprehensive procedures might also have sufficed.

One important distinction must be underscored in order that the hearing procedures here employed be kept in context. In the present case, the minor was on probation before the probation revocation hearing as well as afterward. At first, this probation was in connection with his being put on deferred status and then, after the revocation hearing, it was in connection with a suspended commitment to a state institution. This happenstance of one grant of probation following another is likely unique to juvenile court practice and it should not be permitted to blur the critical factor involved. The determinative fact is that the minor was at the time facing a *potential* loss of liberty even though, as it turned out, he was not, in fact, sent to a state institution following that hearing. *See In re Gault, supra; Blondheim v. State,* 84 Wn.2d 874, 877, 529 P.2d 1096 (1975) and *In re Jackson,* 6 Wn. App. 962, 964, 497 P.2d 259 (1972).

Most modifications of juvenile court disposition orders do not involve a potential loss of liberty and, therefore, do not require the full spectrum of hearing procedures which were provided here. Examples of situations at which such full hearing procedures would not be required, and perhaps not even helpful, include changes such as placement from one foster home to another; from a foster home to a relative's home or the parent's home; from private institutional placement to foster, relative's, or parent's home and the like.

ISSUE THREE.

CONCLUSION. Introduction of hearsay evidence at a revocation hearing over defense objections did not constitute prejudicial error when it related to a matter in issue which was otherwise supported and which was not materially denied by the probationer.

The Juvenile Court Rules contemplate that in the interest of fairness to juveniles, the fact-finding hearing in a

case will ordinarily be held separately from the disposition hearing. JuCR 4.4; JuCR 5.3. The rules of evidence are to be followed in the former hearing, but in the latter, written reports and records such as the social file and social studies may also be considered by the court. JuCR 4.4(a); JuCR 5.3(b).

The minor complains that he was deprived of his constitutional right of due process of law and right to confront witnesses at the fact-finding hearing. He bases this claim on the admission into evidence of a copy of a vehicle theft report showing that the motorcycle in question was reported to have been stolen.

Under the facts of this case, it is a question as to whether or not the vehicle theft report might have been admissible as an undisputed allegation. *See generally* JuCR 4.5. A copy of the report was provided to defense counsel well prior to the fact-finding hearing when the court ordered an exchange of statements and summaries. Defense counsel apparently was informed at that time that the petitioner (State) planned to rely on such report at the hearing rather than inconveniencing the owner by subpoenaing her. The record is silent as to any objection having been made to the statement until it was offered into evidence at the hearing. However, since the petitioner (State) has the burden of proof and the deputy prosecutor did not get a stipulation or preliminary court order authorizing use of the report or otherwise establishing its admissibility into evidence, the report was objectionable as hearsay.

As this court held in *In re Noble*, 15 Wn. App. 51, 58, 547 P.2d 880 (1976), the rules with respect to admission of evidence are more relaxed in juvenile court and liberal admission of evidence is encouraged. As to the report in question being hearsay,

> [i]t is only when the significant matter at issue is presented through hearsay and is otherwise unsupported and materially denied by the probationer, that due process supports his claimed right of confrontation.

*State v. Riddell*, 75 Wn.2d 85, 87, 449 P.2d 97 (1968); *State v. Smith*, 13 Wn. App. 859, 861, 539 P.2d 101 (1975).

At the revocation hearing, the defense was that the minor had not been riding the motorcycle and had been somewhere else at the time. Eyewitnesses testified to seeing him riding the motorcycle near the school grounds at this time in question. Defense witnesses who testified on behalf of the minor provided him with an alibi for the time in question. The issue on which the case turned was whether it was the minor on the motorcycle or someone else and that in turn was a question of credibility of witnesses, which the juvenile court determined adversely to the minor. Therefore, the admission of the copy of the stolen vehicle report into evidence did not prejudice the minor or violate his constitutional rights.

Affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied February 24, 1977.

Review denied by Supreme Court September 29, 1977.