FILED
COURT OF APPEALS
DIVISION II

2013 APR -9 AM 9: 03

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>Appellant,<br><br>v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>Respondent. | No. 42651-0-II<br><br>UNPUBLISHED OPINION |

VAN DEREN, J. — Matthew Silva appeals from the trial court's entry of letter rulings denying his motion to proceed in forma pauperis and prohibiting him from filing any litigation in Grays Harbor Superior Court, arguing that his submission of an affidavit of prejudice before the rulings were entered deprived the judge of jurisdiction to enter the rulings. We vacate the letter rulings and remand.[1]

On October 21, 2008, Silva submitted a summons and complaint to Grays Harbor Superior Court seeking to commence a proceeding against a Washington State Department of Corrections (Department) sergeant and against the attorney general. He did not submit a filing fee but did submit a motion to proceed in forma pauperis. On December 11, 2008, an assistant attorney general sent a letter to Judge David Edwards of the Grays Harbor Superior Court. The

---

[1] A commissioner of this court initially considered Silva's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

No. 42651-0-II

letter stated that Silva had filed approximately 40 cases against the Department and its staff. It asked that the Grays Harbor Superior Court restrict Silva from filing any further legal actions without permission of the court. On December 22, 2008, Silva responded to the assistant attorney general's letter. He sent the response to Judge Edwards, among others. Attached to his response was a declaration of prejudice against Judge Edwards. On December 29, 2008, Judge Edwards issued a letter ruling (1) denying Silva's motion to proceed in forma pauperis and (2) directing the Grays Harbor Superior Court Clerk to "not accept for filing any litigation by Matthew G. Silva without prior consent of the court." Mot. for Disc. Rev., Attachment E-1. In April 7, 2010, Silva filed a motion to vacate Judge Edwards's letter ruling. On May 25, 2010, Judge Edwards issued another letter ruling advising Silva that his motion would not be accepted for filing. Silva timely filed a notice of appeal from the May 25, 2010, ruling. This court subsequently converted the notice of appeal to a notice of discretionary review and then granted discretionary review.

Silva argues that Judge Edwards lacked jurisdiction to enter his letter rulings after having been sent an affidavit of prejudice. RCW 4.12.050. Under that statute, a judge against whom a valid affidavit of prejudice has been filed loses jurisdiction over the case. *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 285, 803 P.2d 798 (1991); *State v. Cockrell*, 102 Wn.2d 561, 565, 689 P.2d 32 (1984). And when a judge acts without jurisdiction, his or her decisions are void. *State ex rel. Turner v. Briggs*, 94 Wn. App. 299, 302-03, 971 P.2d 581 (1999).

The Department responds that Silva cannot presumptively file an affidavit of prejudice before a judge is assigned. But RCW 4.12.050 allows for filing of an affidavit of prejudice "in any action or proceeding," so the filing of a case is not a prerequisite to the filing of an affidavit of prejudice. Further, it was the Department who asked Judge Edwards to issue the letter ruling.

2

It cannot now contend that there was no proceeding before Judge Edwards. The Department also responds that Silva's affidavit of prejudice is ineffective because it was never filed and because it was not "called to the attention of the judge" as required by RCW 4.12.050. *See State v. Smith*, 13 Wn. App. 859, 860-61, 539 P.2d 101 (1975). But Judge Edwards's letter ruling made it impossible for Silva to file any pleadings, including an affidavit of prejudice. And Silva sent the affidavit of prejudice to Judge Edwards and so called it to his attention. Therefore, Judge Edwards lacked jurisdiction to enter the letter rulings.

The Department raises a number of other responses. First, the Department responds that Silva's appeal is not timely because he did not timely appeal from the December 29, 2008, letter ruling. But he did timely appeal from the May 25, 2010, letter ruling denying his motion to vacate. RAP 2.2(a)(10).

Second, the Department responds that Silva's appeal is moot because his 2008 complaint challenged his cell assignment at Stafford Creek Corrections Center but Silva has since been moved to the Washington State Penitentiary. But this argument is premature because Judge Edwards lacked jurisdiction to prohibit Silva from filing his complaint.

Third, the Department responds that Silva's appeal is moot because the 2008 complaint was not timely filed or served. But the court prohibited Silva from filing the complaint, so he could not timely file his complaint. And his argument that the complaint was not properly served is premature because Judge Edwards lacked jurisdiction to prohibit Silva from filing his complaint.

Fourth, the Department responds that Silva's appeal is moot because the statute of limitations has expired. But this argument is premature because Judge Edwards lacked jurisdiction to prohibit Silva from filing his complaint and, thus, tolling the statute of limitations.

3

No. 42651-0-II

Finally, the Department responds that Judge Edwards did not abuse his discretion when he denied Silva's motion to proceed in forma pauperis and directed the Grays Harbor Superior Court Clerk to not accept any filings from Silva. But Judge Edwards was deprived of jurisdiction, and therefore of discretion, by Silva's submission of the affidavit of prejudice.

Silva demonstrates that Judge Edwards lacked jurisdiction to enter the letter rulings after Silva submitted an affidavit of prejudice. We therefore vacate those letter rulings and remand Silva's motion to proceed in forma pauperis to be considered by another judge. The Department may then raise any of the defenses that were rejected in this opinion as premature.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Van Deren, J.

————————————————
Van Deren, J.

We concur:

————————————————
Hunt, J.

————————————————
Bjorgen, J.

4