# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49968-1-II |
| Appellant, | Consolidated with<br>No.  49976-2-II |
| v. | |
| BLAKE ANDREW CROY;<br>ALONDRA STEPHANIE TRUJILLO, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — The State appeals from orders dismissing with prejudice its charges against Blake Croy and Alondra Trujillo.  We affirm.

FACTS

On March 18, 2015, the State charged Blake Croy with second degree theft, first degree trafficking in stolen property, and third degree theft.  On that same date, the State filed a motion and affidavit of prejudice removing Judge Gary Bashor from all matters in the cause.  On November 9, 2015, the State charged Alondra Trujillo with two counts of unlawful possession of a controlled substance and third degree theft.  On that same date, the State filed a motion and affidavit of prejudice removing Judge Bashor from all matters in the cause.

The State later entered into agreements with both Croy and Trujillo for their entry into drug court.  As part of the agreements, each defendant admitted to committing the charges against them and waived certain rights, including their speedy trial rights.  In exchange, the State agreed to dismiss the charges with prejudice upon successful completion of all aspects of the drug court program.  The agreements further provided that termination from the drug court

No. 49968-1-II;
Cons. with No. 49976-2-II

program would result in a bench trial on the original charges with a stipulated record consisting

of the defendant's agreement, confession, and any police or laboratory reports. The trial court

accepted the agreements and transferred Croy's and Trujillo's cases to drug court. At that time,

Judge Bashor was the only judge presiding in Cowlitz County's drug court.

Croy and Trujillo each appeared for numerous drug court hearings with Judge Bashor

presiding. In October 2016, while Croy and Trujillo were each still participating in the drug

court program, Judge Bashor became aware that the State had filed affidavits of prejudice against

him and thereafter removed himself from Croy's and Trujillo's cases.

On December 14, 2016, Judge Stephen M. Warning entered orders dismissing Croy's and

Trujillo's charges with prejudice. In dismissing Croy's charges, Judge Warning entered the

following findings of fact and conclusions of law:

> Findings of Fact:
> 1) On March 18, 2015, the Prosecuting Attorney filed an Affidavit of Prejudice against Judge Bashor, the presiding judge in the Cowlitz County Drug Court.
> 2) On April 4, 2016 the parties agreed that the defendant should enter the Cowlitz County Drug Court program, and his entry into the program was approved by Judge Haan on that date. As a condition of entry into that program the defendant waived a number of rights and admitted to facts sufficient to convict him of the charged offenses.
> 3) Since that time the defendant has participated in the Drug Court program and been generally successful. His case was handled by Judge Bashor despite the Affidavit of Prejudice as neither party brought the fact of the affidavit to his attention[.] In October of 2016 Judge Bashor became aware of the existence of the Affidavit of Prejudice filed by the State. The delay in discover[y] of that affidavit was not due to any inappropriate conduct on the part of any party. The judge in Drug Court does not see the court file when reviewing cases in Drug Court, and the paper docket does not note the presence of an Affidavit of Prejudice.
> 4) Since that time Judge Bashor has not participated in the defendant's case.

5) This court does not have the resources to create or conduct a Drug Court program with another judge.

Conclusions of Law:

1) All actions and decisions by Judge Bashor in this case, prior to being made aware of the existence of that affidavit, were proper and binding on the parties. State v. Smith, 13 Wn. App 859[, 539 P.2d 101] (1975).

2) "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established as hereinafter provided that said judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause." RCW 4.12.040[.] As Judge Bashor is now aware of the Affidavit of Prejudice, he may not hear this matter.

3) It has been suggested that the prosecutor may selectively waive their Affidavit of Prejudice, precluding Judge Bashor from hearing some portions of a case but allowing him to hear others. This is certainly not contemplated by the statute. Further, it would give a party an inappropriate tactical advantage if they were permitted to exercise such an affidavit sporadically. The deputy prosecutor has filed an affidavit, sworn under oath, stating that they cannot "receive a fair trial and impartial trial in this case before the Honorable Gary Bashor." They are bound by that affirmation.

4) Because of the existence of the Affidavit of Prejudice, the defendant may not continue to participate in the Drug Court program.

5) One of the rights waived by the defendant in order to participate in that program was his right to a speedy trial. Even a resolution of this matter which precluded any use of his waivers and admissions would still prejudice his right to a speedy trial.

6) The only remedy which protects the rights of the defendant is a dismissal. This works no harm against the State, as a dismissal would be the outcome of a successful completion of the program by the defendant.

Clerk's Papers (CP) at 16-18. Judge Warning entered nearly identical findings and conclusions with regard to the dismissal of Trujillo's charges.[1] The State appeals from the orders dismissing with prejudice its charges against Croy and Trujillo.

---

[1] Apart from the use of female pronouns, the findings and conclusions regarding Trujillo's case dismissal differed from Croy's only with respect to the applicable dates in findings of fact one

No. 49968-1-II;
Cons. with No. 49976-2-II

## ANALYSIS

### I. PRELIMINARY MATTERS

The State's sole assignment of error is that "[t]he trial court erred in entering sua sponte an order of dismissal." Br. of Appellant (Croy) at 1; Br. of Appellant (Trujillo) at 1. But the State provides no facts, argument, or legal authority supporting its claim that the court erred by sua sponte entering its dismissal orders. Because the State does not address its assignment of error in the argument section of its brief, we deem that it has waived any contention with the sua sponte nature of the dismissal order. *See* RAP 10.3(a)(6) (appellant's brief should contain argument in support of issues presented in addition to citations to legal authority and to the relevant parts of the record); *State v. Harris*, 164 Wn. App. 377, 389 n. 7, 263 P.3d 1276 (2011) (assignment of error waived where appellant failed to present supporting argument and legal authority).

The State does not assign error to any of the trial court's findings of fact or conclusions of law in support of the orders dismissing Croy's and Trujillo's charges. Croy and Trujillo contend that we should decline to consider these appeals in light of the State's failure to argue its sole assignment of error and failure to assign error to the trial court's findings of fact and conclusions of law. We agree with Croy and Trujillo that the State's brief does not strictly

---

and two. Finding of fact number one stated that the State had filed its affidavit of prejudice in the Trujillo matter on November 9, 2015. And finding of fact number two stated that the parties had entered into the drug court agreement on February 25, 2016, which agreement was approved by Judge Evans.

comply with RAP 10.3(a)(4), (6).[2] But we may review unassigned errors if the issues are reasonably clear from the arguments in the brief, the opposing party has not been prejudiced, and the court has not been overly inconvenienced. *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995) (citing RAP 1.2(a)).

Here, it is clear from the State's statement of the issue pertaining to assignment of error, and from the argument contained in its brief, that it is contending the trial court abused its discretion when entering its dismissal orders because it erroneously concluded that the State had not waived, and could not waive, its affidavit of prejudice by failing to bring it to Judge Bashor's attention and by not objecting when Judge Bashor presided over Croy's and Trujillo's appearances at drug court.

It appears from this statement of the issue pertaining to assignment of error and related argument, that the State is challenging the trial court's conclusion of law number three. Neither Croy nor Trujillo contend that they are prejudiced by the State's noncompliance with RAP 10.3(a), and each have responded to the merits of the State's argument. Because the nature of the State's challenge is clear from its briefing and because neither of the respondents claim prejudice from the State's noncompliance with RAP 10.3(a), we elect to address the issue.

## II. DISMISSAL ORDER

The State contends that the trial court abused its discretion when entering its dismissal orders because it erroneously concluded that the State had not waived and could waive its

---

[2] RAP 10.3(a)(4) requires an appealing party to set forth "[a] separate concise statement of each error a party contends was made by the trial court," and RAP 10.3(a)(6) requires argument in support of those assignments of error.

No. 49968-1-II;
Cons. with No. 49976-2-II

affidavit of prejudice against Judge Bashor. On the limited record before us, we disagree that the trial court abused its discretion, and we affirm the orders dismissing with prejudice Croy's and Trujillo's criminal charges.

CrR 8.3(b)[3] governs a trial court's dismissal of criminal charges due to governmental misconduct. A trial court may dismiss a defendant's charges upon two showings. *State v. Michielli*, 132 Wn.2d 229, 239, 937 P.2d 587 (1997). First, the defendant must show arbitrary action or governmental misconduct. *Michielli*, 132 Wn.2d at 239. Such governmental misconduct "'need not be of an evil or dishonest nature; simple mismanagement is sufficient.'" *Michielli*, 132 Wn.2d at 239-40 (emphasis omitted) (quoting *State v. Blackwell*, 120 Wn.2d 822, 831, 845 P.2d 1017 (1993)). Second, a defendant must show that such governmental misconduct prejudiced his or her right to a fair trial. *Michielli*, 132 Wn.2d at 240. "Such prejudice includes the right to a speedy trial." *Michielli*, 132 Wn.2d at 240. "[D]ismissal under CrR 8.3 is an extraordinary remedy, one to which a trial court should turn only as a last resort." *State v. Wilson*, 149 Wn.2d 1, 12, 65 P.3d 657 (2003).

We review a trial court's CrR 8.3(b) dismissal ruling for a manifest abuse of discretion. *Michielli*, 132 Wn.2d at 240. "'Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons.'" *Michielli*, 132 Wn.2d 240 (quoting *Blackwell*, 120 Wn.2d at 830). A trial court may also abuse its discretion by

---

[3] CrR 8.3(b) provides:
> The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

No. 49968-1-II;
Cons. with No. 49976-2-II

applying an incorrect legal analysis.  *State v. Kinneman*, 155 Wn.2d 272, 289, 119 P.3d 350

(2005).

The State presents only a narrow argument regarding the trial court's dismissal orders.

Specifically, the State argues only that the trial court erred by concluding that the State's

"affidavit of prejudice had not and could not be waived."  Br. of Appellant (Croy) at 8; Br. of

Appellant (Trujillo) at 8.  But the State has not designated for the record on appeal a transcript of

the trial court's dismissal hearing.  RAP 9.2(b); *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290

P.3d 942 (2012).  And, on the limited record before us, it appears that the State has

misrepresented the trial court's legal conclusions.  Nothing within the trial court's findings,

conclusions, and dismissal order indicate that it concluded the State had not waived and could

not waive its affidavits of prejudice.   Therefore, we are unable to review this alleged error.

Instead, the trial court's conclusion of law number three addresses an apparent argument[4]

regarding the State's ability to unilaterally and selectively waive its affidavits of prejudice,

providing:

> It has been suggested that the prosecutor may *selectively waive* their Affidavit of Prejudice, precluding Judge Bashor from hearing some portions of a case but allowing him to hear others.  This is certainly not contemplated by the statute.  Further, it would give a party an inappropriate tactical advantage if they were permitted to exercise such an affidavit sporadically.  The deputy prosecutor has filed an affidavit, sworn under oath, stating that they cannot "receive a fair trial and impartial trial in this case before the Honorable Gary Bashor."  They are bound by that affirmation.

---

[4] Because the State has not designated a transcript of the dismissal hearing for the record on appeal, it is not clear what arguments were raised at the hearing.

7

CP at 17, 41 (emphasis added). Former RCW 4.12.050 (2009) supports the legal conclusion that a party may not unilaterally waive its affidavit of prejudice in a manner allowing a trial court judge to hear portions of a case while prohibiting the judge from hearing the remaining portions of a case.

Former RCW 4.12.050 provides in relevant part that "notwithstanding the filing of such motion and affidavit [of prejudice], if the parties shall, by stipulation in writing agree, such judge may hear argument and rule upon any preliminary motions, demurrers, or other matter thereafter presented." An interpretation of former RCW 4.12.050 allowing the prosecutor to unilaterally waive its affidavit of prejudice to permit Judge Bashor to preside over Croy's and Trujillo's drug court appearances while prohibiting him from presiding over other aspects of their cases would render the statutory language quoted above inoperative. *See State v. Ervin*, 169 Wn.2d 815, 823, 239 P.3d 354 (2010) (Courts "'interpret a statute to give effect to all language, so as to render no portion meaningless or superfluous.'") (quoting *Rivard v. State*, 168 Wn.2d 775, 783, 231 P.3d 186 (2010)). Accordingly, the trial court correctly concluded that the State could not selectively waive its affidavit of prejudice absent a written stipulation with the defendants. And the record does not show that the parties had entered into such written stipulation allowing Judge Bashor to preside over the defendants' drug court appearances despite the State's filing of motions and affidavits of prejudice against him.

Because the trial court properly interpreted former RCW 4.12.050 to prohibit a unilateral selective waiver of filed affidavits of prejudice, we discern no error with regard to its conclusion

No. 49968-1-II;
Cons. with No. 49976-2-II

of law number three.[5]  Accordingly, we affirm the orders dismissing with prejudice Croy's and Trujillo's criminal charges.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.

---

[5] The State relies on *State v. Smith*, 13 Wn. App. 859, and *Bargreen v. Little*, 27 Wn.2d 128, 177 P.2d 85 (1947), to support its claim that it had waived its affidavits of prejudice such that Judge Bashor was permitted to preside over the defendants' drug court appearances despite Judge Bashor becoming aware of the affidavits.  But, as addressed above, the record before us does not indicate whether the State had raised, and whether the trial court had considered, this claim below.  Accordingly, *Smith* and *Bargreen* are not germane to our analysis.

[6] The State does not challenge the trial court's conclusion that dismissal of the charges with prejudice was the appropriate remedy.