[No. 189-1.    Division One—Panel 2.    October 26, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN GEORGE HAVERTY, *Appellant*.

Roberts & Anderson and Michael H. Williamson, for appellant (appointed counsel for appeal).

Charles O. Carroll, Prosecuting Attorney, and Ronald B. Kurilo, Deputy, for respondent.

HOROWITZ, A. C. J.—The defendant Haverty was convicted by the trial court of the crime of grand larceny by possession of a ladies' suede coat. He appeals.

Defendant's court-appointed attorney on appeal has filed a motion to withdraw as counsel and dismiss the appeal because he finds no basis on which an appeal could reasonably be prosecuted. The motions are accompanied by supporting briefs. The state supports the motion of appellant's counsel on appeal. It is our duty to make an independent examination of the record for the purpose of determining whether the trial court committed any potentially reversible errors. Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967); State v. Theobald, 78 W.D.2d 173, 470 P.2d 188 (1970).

Defendant's counsel suggests that three possible errors are without merit; namely, the possible application of Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); the possible unlawful search and seizure of the coat; and the possible insufficiency of the evidence to support the conviction.

The evidence shows that on July 18, 1969, at about 10:30 p.m., two Seattle Police Department officers saw the de-

fendant walking down First Avenue in Seattle carrying what appeared to be a brown suede coat and sweater. Hanging onto the coat was a Bon Marche tag consisting of three perforated sections. One of the officers knew from his experience that such a tag originally consists of three perforated sections and that when the article to which it is affixed is sold, one section of the tag is retained by the seller for the purpose of inventory tabulation. The officers followed the defendant on foot as he entered a small restaurant and bar in the 1400 block on First Avenue in Seattle. The officers came behind him and looked closely at the sweater, the coat and the 3-section perforated tag. They identified themselves and asked the defendant where he got the coat. He answered he got the coat by mail from Chicago, and then said "No, they are my wife's." The officers then asked the defendant to step outside the restaurant. After he did so, the defendant was placed under arrest and informed that the arrest was for suspicion of larceny. He was then informed in detail of his constitutional (Miranda) rights. He stated he understood them. The defendant was taken to the police station and again informed of his constitutional rights. He again stated he understood them. At the station, in response to interrogation, he stated that he bought the coat and sweater for $85 from a friend at the Mirabeau Restaurant in Seattle with knowledge that they were "hot" and had planned to resell them. The charge of grand larceny for which the defendant was tried was limited to allegations that defendant had wrongfully appropriated the coat.

■ Statements of a later charged defendant made during the investigatory stage of a possible crime, and before the arresting officers have knowledge of sufficient facts to constitute probable cause to arrest the defendant, are admissible at trial even though the defendant has not been previously informed of his constitutional rights as described in *Miranda. State v. Berkins,* 2 Wn. App. 910, 471 P.2d 131 (1970); *State v. Creach,* 77 Wn.2d 194, 198, 461 P.2d 329 (1969). In the instant case when the officers first

saw the defendant with the coat and tag, the sight aroused suspicion warranting further inquiry to determine if there was an innocent explanation dispelling the suspicion aroused. When, however, defendant gave an improbable explanation of how he came into possession of the coat, probable cause to arrest arose. *State v. Brooks,* 57 Wn.2d 422, 357 P.2d 735 (1960). *See State v. Tollett,* 71 Wn.2d 806, 431 P.2d 168 (1967).

██ Statements made at the police station after the defendant was again warned concerning his constitutional rights were also admissible. Their admissibility is governed by the requirements of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). Under *Miranda,* the state must show that warnings concerning the defendant's constitutional rights were first given, second, that the statements were voluntarily made and third, that the defendant waived his Miranda rights to remain silent. *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968); *Seattle v. Gerry,* 76 Wn.2d 689, 458 P.2d 548 (1969); *State v. Collins,* 74 Wn.2d 729, 446 P.2d 325 (1968); *State v. Blanchey,* 75 Wn.2d 926, 454 P.2d 841 (1969); *State v. Emmett,* 77 Wn.2d 520, 463 P.2d 609 (1970); *State v. Erho,* 77 Wn.2d 553, 463 P.2d 779 (1970). In determining what the facts are, we do not reevaluate the relative credibility of the witnesses' testimony below. *State v. Davis, supra* at 283.

██ In the instant case, the parties below agreed that the CrR 101.20W hearing on admissibility of the statements, instead of being heard prior to the commencement of the trial, should be heard during the trial; and at the end of the trial the court would pass upon the voluntariness of the defendant's statements that the state proposed to offer. However, the court entered no written findings on voluntariness as contemplated by CrR 101.20W. None were requested by either party possibly because of the oral stipulation concerning how the evidence would be received. A finding of waiver may be inferred from a finding that the statement was voluntary and the court's action in admitting the statement into evidence. *State v. Blanchey, supra;*

*United States v. Hayes,* 385 F.2d 375 (4th Cir. 1967). In *State v. Blanchey, supra,* the trial court made written findings on the subject of voluntariness as required by CrR 101.20W(c), but made no written findings of fact and conclusions of law as to whether the defendant waived his constitutional rights. In upholding the trial court's admission of the statements made, the court said at page 936:

To the extent that *Miranda* requires more than a showing of voluntariness for a confession to be admitted, we may assume the trial court had considered these matters when determining the confession to be admissible—particularly when a knowing and intelligent waiver is supported by the trial court's findings of fact.

The last reference to findings of fact does not relate to findings on waiver because none was entered. We can see no difference in principle between the right of a court to draw an inference of waiver from a written finding of voluntariness and the admission of evidence of the defendant's statement, and the right of a court to draw a similar inference when the finding or determination of voluntariness is oral, but the defendant's statement is nevertheless admitted. Consequently, we conclude that the court impliedly determined that waiver had been proved.

■ There remains, however, the question of whether there was sufficient evidence to support a determination of voluntariness and waiver. Under *Miranda,* the state has a heavy burden to show a knowing, intelligent and voluntary relinquishment of rights (384 U.S. at 444). Waiver need not be express; it may be implied by the facts and circumstances under which the statement is made. *United States v. Hayes,* 385 F.2d 375 (4th Cir. 1967); *State v. Blanchey, supra.* However, *Miranda* as interpreted by the Supreme Court of Washington, requires more than the admission of warnings followed by a voluntary statement to show waiver. Rather, additional evidence is required to show that the defendant understood his rights and relinquished them "voluntarily, knowingly and intelligently." *State v. Davis, supra; Seattle v. Gerry, supra.*

■ ■ The single police officer who interrogated and heard the defendant testified that he had first warned the defendant of his constitutional rights; that the defendant stated he understood his rights; and that the defendant then made the statements in question. The defendant testified on his behalf but did not deny that he had stated he understood his rights. The warning given at the police station was the second warning given, the first one having been given shortly after arrest. The evidence showed defendant was no stranger to criminal proceedings. He had been convicted of grand larceny several months before and had been convicted of drunk driving and offenses involving drunkenness at a time or times not appearing in the evidence. In addition he had been convicted of burglary in 1946. Evidence of prior criminal experience suggests knowledge of the defendant's constitutional rights and thus confirms the testimony that he stated he understood those rights. *State v. Collins, supra.* There is no evidence that the defendant had been subjected to any threats, trickery, intimidation or cajolery of any kind. In our opinion, the evidence is sufficient to show that the defendant knew his rights, and "voluntarily, knowingly and intelligently" waived them when he made his statement. Consequently, the defendant's statements at the police station were admissible.

■ On the matter of the seizure of the coat, we are of the opinion that the coat was properly seized. It was in plain view of the public and of the officers and was properly seized as an incident to a lawful arrest. *State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969); *State v. Wilson,* 70 Wn.2d 638, 424 P.2d 650 (1967); *see Katz v. United States,* 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); and *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

■ Defendant's counsel next considers whether the defendant had knowledge of the fact that the coat was stolen at the time he received it. He points out that mere possession of stolen goods is not prima facie evidence of the crime, but that the rule is otherwise when there is other

"indicatory evidence" of crime. *State v. Mevis,* 53 Wn.2d 377, 380, 382, 333 P.2d 1095 (1959); *State v. Tollett, supra* at 811. Here, there is additional evidence of the 3-section perforated coat tag, its significance and the conflicting and unlikely answers given by the defendant during the course of legal interrogation. We do not find error.

The defendant has filed a supplemental brief pro se assigning five additional claims of error. In our opinion, all lack merit. We wish to comment, however, on defendant's claim that he was, in the instant case, denied the right to bail as guaranteed by the eighth amendment to the United States Constitution and, as a result, was unable to secure witnesses on his behalf. *See State v. Montague,* 73 Wn.2d 381, 392, 438 P.2d 571 (1968).

The appeal record as supplemented shows that bail was fixed for the crime of grand larceny with which he was charged below (Const. art. 1, § 20, RCW 10.19.010). However, defendant was unable to take advantage of the bail so fixed. He had been sentenced following conviction of an earlier crime of grand larceny and had been released on probation. On July 23, 1969, and while awaiting trial of the instant charge, a probation detainer was placed on the defendant pursuant to RCW 72.04A.090 for claimed violation of the conditions of probation. *See* RCW 9.95.200-.230. Defendant's appointed counsel below informed the trial court that a separate proceeding had been instituted prior to the trial of the instant case to revoke the deferred sentence on the earlier crime, and by reason of defendant's claim that he was not guilty of violating the conditions of probation, Judge Lloyd Shorett continued the hearing pending a disposition of the instant case. The continuance had the effect of keeping the defendant in jail. RCW 72.04A.090.

The separate proceedings before Judge Shorett are not in the record on appeal in this case, nor are such proceedings before us for review. Indeed, there is no record of any application to review the order of continuance in that separate proceeding. Furthermore, the record fails to show that any application was made in the instant case to the court

below to lift the probation detainer or otherwise obtain a release from jail pending the trial below. If such an application had been granted, defendant then would have had an opportunity to post bail bond on the second offense and obtain release. It is true that such an application might not have been successful. *See* RCW 72.04A.090; *see January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969) (parole). However, the defendant, at the hearing thereon, could have raised the constitutional question he now asserts; and the order entered on the application would have been subject to review. *See State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968) *and Bailey v. Gallagher,* 75 Wn.2d 260, 450 P.2d 802 (1969). Since there is no trial court action in the instant case which raises the constitutional question posed, we do not further consider it. *Cf., Bandy v. United States,* 396 F.2d 929 (8th Cir.), *cert. denied* 393 U.S. 1004, 89 S. Ct. 494, 21 L. Ed. 2d 469 (1968). Because we cannot hold that the contentions above noticed are necessarily frivolous, we deny the motions. However, on a consideration of the merits, we find no error.

The judgment is affirmed.

FARRIS and WILLIAMS, JJ., concur.