[No. 581-1.   Division One—Panel 1.   April 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS GLENN
MARKER, *Appellant*.

*Branson, Hardwick & Conrad* and *Richard C. Conrad,* for
appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Stewart P. Riley, Deputy,* for respondent.

PER CURIAM.—Defendant pleaded guilty on August 9,
1968, to an information charging burglary in the second
degree. On October 30, 1968, the court entered an order
deferring the imposition of sentence for a period of 3 years
on certain conditions. On April 6, 1970, a revocation hearing was held, defendant being represented by counsel. An
order was entered revoking the prior order deferring imposition of sentence, and appellant was sentenced for a maxi-

mum term of not more than 15 years, with a minimum term to be fixed by the Board of Prison Terms and Paroles. The defendant was then remanded to the custody of the King County Sheriff to be detained until conducted to the Washington Correction Center. Defendant then appealed from the judgment and sentence entered, with newly appointed counsel on appeal.

■ Defendant's counsel has filed a motion to withdraw as attorney on appeal on the ground that he is unable to discover any error and believes the appeal to be wholly frivolous. In so doing, he has conformed with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970). The state has filed a motion to dismiss the appeal as frivolous. A copy of the brief in support of the motion to withdraw has been served upon the defendant. Defendant has served no supplemental brief. It is our duty to make an independent examination of the record for the purpose of determining whether the trial court committed any potentially reversible errors. *State v. Haverty*, 3 Wn. App. 495, 475 P.2d 887 (1970).

■ In the brief of defendant's counsel, attention is called to areas of possible error for our consideration. Our review of the record and briefs in the instant case fails to show any error which "might arguably support the appeal." *Anders v. California, supra.* As stated in *State v. Saylors*, 70 Wn.2d 7, 9, 422 P.2d 477 (1966):

> It is, of course, recognized that a plea of guilty precludes an appeal except as to collateral questions such as the validity of the statute violated, the sufficiency of the information, the jurisdiction of the court, or the circumstances under which the plea was made.

■ The second-degree burglary statute, RCW 9.19.020, is a proper exercise of the police power, and no violation of any constitutional guarantees appears on the face of the statute. The information charges the offense in the language of the statute. The former is "sufficiently definite to apprise the [defendant] of the precise nature of the accusa-

tion and enable him to prepare his defense." *State v. Thomas,* 73 Wn.2d 729, 731, 440 P.2d 488 (1968). The record shows that the guilty plea was voluntarily entered with full knowledge of his legal and constitutional rights and of the consequences of his act. *State v. Krois,* 74 Wn.2d 404, 408, 445 P.2d 24 (1968). The order revoking the prior order deferring imposition of sentence and entry of judgment and sentence was made after hearing in which the defendant was represented by counsel; the hearing complied with the requirements of *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968). The defendant himself indicated to his counsel that he was desirous of being sent to the Department of Institutions. We find no potential error.

The motions are granted and the appeal is dismissed.