[No. 615-41315-1.    Division One—Panel 1.    April 12, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. LEO CARIL, *Appellant.*

*Stern, Gayton, Neubauer & Brucker* and *Thomas H. S. Brucker,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Kenneth W. Sharaga, Deputy,* for respondent.

PER CURIAM.—Defendant, after trial by jury on June 6, 1969, was convicted of assault in the first degree and murder in the second degree. He appeals from the judgment of conviction and the sentence imposed.

At about 11:30 p.m. on February 8, 1969, defendant Caril met several men at the Silver Cup Cafe in Seattle, and after the conversation turned to gambling, the men decided to go to Mr. Willie Titus' house to shoot some craps. The defendant, Mr. Titus, Mr. Williams and four other men were present. Defendant Caril was suspected of palming the dice and was not permitted to keep his winnings. According to some of the testimony, Williams pulled and "clicked" a gun, while according to other testimony he did not. In any event, the defendant left the house, drove home and got his revolver, and then returned to the Silver Cup Cafe.

Shortly after defendant arrived at the cafe, Titus and Williams walked in. According to the defendant's testimony, Titus reached and pulled out something shiny like a gun. Knowing that Titus had been in prison on a homicide charge, defendant pulled his pistol out and shot him when Titus started up further with the object in his hand. According to the defendant, he then approached Titus to see if he had a gun and Williams grabbed him from behind, attempted to take the gun from him, and in the ensuing scuffle Williams was shot. According to other testimony, however, defendant shot both Titus and then Williams without any provocation, and then the defendant approached Titus, who was lying on the floor, asked him for the money, and then shot him again. Williams later died of the wounds inflicted.

Defendant's court-appointed attorney on appeal has filed a motion to withdraw as counsel pursuant to *Anders*

*v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), because he finds no basis on which an appeal could reasonably be prosecuted. *See also State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188 (1970); *State v. Haverty,* 3 Wn. App. 495, 475 P.2d 887 (1970). The motion is supported by both counsel for appellant's and the state's accompanying briefs. No motion to dismiss the appeal has been filed. Copies of counsel's motion to withdraw, appellant's opening brief, and the statement of facts were sent to appellant and he has not filed a supplemental brief, although he was granted leave to do so on August 21, 1970. It is our duty to make an independent examination of the record and to determine whether any potentially reversible errors exist. *Anders v. California, supra; State v. Theobald, supra; State v. Haverty, supra.*

■ Appellant's counsel suggests only one potentially reversible error. It is suggested that it was possibly error for the trial court to refuse to give two proposed instructions[1] on self-defense, even though the matter was covered in the court's Instruction 18[2], which correctly

---

[1]The first of the proposed instructions provides that "If after careful consideration of all the evidence, you believe that the defendant in this case had reasonable grounds to believe that the victim, Willie Titus, was about to shoot said defendant, and the defendant, acting on this belief, shot and wounded the said Willie Titus in order to prevent harm to himself, then it is your duty to return a verdict of not guilty of the crime of assault in the first degree, and not guilty of assault in the second degree."

The second of the proposed instructions provides that "If after a careful consideration of all the evidence, you believe that the defendant in this case was engaged in the lawful defense of his person against Willie Titus, and if you further believe that the victim, Nathaniel Williams, Jr. was in the process of attempting to disarm or restrain the defendant while he was either in the act of defending himself, or in the act of retreating from a position dangerous to his person, and that as a result thereof, the victim, Nathaniel Williams, Jr., was fatally wounded then you must find the defendant not guilty of the crime of murder in the second degree and not guilty of manslaughter."

[2]"You are instructed that a statute of the state of Washington provides as follows:

" 'Homicide is excusable when committed by accident or misfor-

stated the law of excusable homicide, and Instructions 19[3] and 20[4], which correctly stated the law of justifiable homicide or self-defense. It is not suggested by counsel for defendant that instructions given incorrectly stated the law. The trial court refused the first proposed instruction because its substance was aptly covered in the instructions given. The second proposed instruction was rejected because the defendant's theory could be argued under the

---

tune in doing any lawful act by lawful means, with ordinary caution and without any unlawful intent.'

"Accordingly, before a homicide can be held excusable, four elements must be present: first, the homicide must have been committed by accident or misfortune; second, it must have occurred in the doing of a lawful act, by lawful means; third, ordinary caution must have been observed by the person responsible for the killing; and fourth, this person must have acted without any unlawful intent. If any one of these four elements be eliminated from the factual situation, the homicide is not within the statutory definition."

[3]"Homicide is also justifiable when committed by any person either
—
"(1) In the lawful defense of the slayer or of any other person in his presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished;
OR
"(2) In the actual resistance of an attempt to commit a felony upon the slayer in his presence."

[4]"The defendant need not produce evidence in support of his plea of self-defense nor need the state prove to you that the defendant did not act in self-defense. The test is, after considering all the evidence introduced, either by the State or the defendant, is there a reasonable doubt as to whether or not he acted in self-defense.

"In order to justify wounding another on the ground of self-defense, there must be a necessity, real or apparent, to prevent death or grave bodily harm.

"The test is not what the facts actually were, but whether the circumstances as they appeared to the defendant made it reasonably necessary for him to protect himself. The apprehension of danger must be reasonable, and this reasonableness is for the jury to determine.

"If you believe from all of the evidence that the defendant believed, and had good reason to believe, that he could not retreat without increasing his danger, he may hold his ground and may use such force as is necessary to defend himself, even to the extent of taking the other person's life."

existing instructions and because the trial court thought it would constitute a comment on the evidence and be somewhat misleading. It is argued that "the defendant is entitled to a more balanced charge, that is, more than just a bare statement of the law, but an instruction giving the defendant's version of why he should be acquitted." As pointed out in *State v. Dana*, 73 Wn.2d 533, 439 P.2d 403 (1968), ". . . [I]t is axiomatic that the trial court has considerable discretion in how the instructions will be worded." We find no error here. It is sufficient if, as is the case here, the subject of the proposed instruction is correctly covered in other instructions sustained by substantial evidence under which the defendant has an opportunity to argue his theory. *Samuelson v. Freeman*, 75 Wn.2d 894, 454 P.2d 406 (1969); *State v. Elder*, 70 Wn.2d 414, 423 P.2d 533 (1967).

The record reveals no potentially reversible errors. The motion is granted and the judgment affirmed.