[No. 6863-0-II. Division Two. April 23, 1985.]

THE STATE OF WASHINGTON, *Appellant,* v. ROBERT W. BRYAN, *Respondent.*

*Michael G. Spencer, Prosecuting Attorney,* and *Jennifer L. Wieland, Deputy,* for appellant.

*Stephen E. Brown* for respondent (appointed counsel for appeal).

PETRICH, J.—The State, in its appeal from the trial court's order suppressing Robert W. Bryan's statements to police and his confession of taking a motor vehicle without permission, is cast in the unusual position of arguing the lack of evidence to support probable cause for arrest. At issue is whether the police had probable cause to arrest the defendant at the time of police interrogation, thus requiring *Miranda* warnings before defendant's incriminating statements and later confession could be used against him. We affirm.

On the afternoon of December 7, 1982, Aberdeen police took Bryan into protective custody because he was intoxicated. The officer who released Bryan that evening noticed that Bryan's wallet was black and contained pictures of a small boy. The wallet also contained papers bearing Bryan's name. Early the next morning, a vehicle with the keys in the ignition was stolen from a residence near the Aberdeen police station. The vehicle was discovered that afternoon 10 miles from Aberdeen, in a sparsely populated area off the main part of the highway. While recovering the vehicle, a county employee found a black wallet on the ground near the car. The wallet contained pictures of a small boy and

papers bearing Bryan's name. The wallet was turned over to Aberdeen police, who identified it as Bryan's.

On December 9, 1982, Aberdeen Police Officer Johnson contacted Bryan, who reluctantly agreed to speak with police that afternoon. Officer Johnson and another officer went to Bryan's residence, which was a few blocks from the police station. Without giving *Miranda* warnings, they asked Bryan where he had gone after he was released from protective custody. Bryan told them he had stayed in downtown Aberdeen, and then returned home. After Officer Johnson asked Bryan whether he had his wallet, Bryan replied that he had lost it. Officer Johnson then showed Bryan the black wallet recovered near the stolen vehicle. Bryan denied that the wallet was his.

Again without giving *Miranda* warnings, Officer Johnson told Bryan that another Aberdeen police officer had identified the wallet as his. After Bryan admitted the wallet belonged to him, he was arrested. Later, after receiving *Miranda* warnings, Bryan confessed to the vehicle theft. During the hearing conducted pursuant to CrR 3.5 and CrR 3.6, the court suppressed Bryan's statements and his confession as fruits of an impermissible custodial interrogation. The State appeals.

"Once the police have probable cause to arrest a suspect, . . . delay in making the arrest cannot serve as an excuse for conducting interviews without *Miranda* warnings." *State v. Dictado,* 102 Wn.2d 277, 291, 687 P.2d 172 (1984). We hold that after Bryan denied owning the wallet the officers knew was his, police had probable cause to arrest Bryan.

"Probable cause derives from a composite of facts, circumstances and judgment." *State v. Parker,* 79 Wn.2d 326, 328, 485 P.2d 60 (1971). Probable cause for a warrantless arrest exists where facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in believing the individual committed a crime. *See State v. Green,* 91 Wn.2d

431, 436, 94 Wn.2d 216, 588 P.2d 1370, 616 P.2d 628 (1980); *State v. Fricks,* 91 Wn.2d 391, 398, 588 P.2d 1328 (1979).

Before police questioned Bryan, they had strong circumstantial evidence linking him to the car theft. The officers knew that the vehicle was stolen from the area in which he was released and in which he lived; that it was stolen shortly after Bryan was released; that Bryan had his wallet with him when he was released; and that his wallet was found near the stolen vehicle when it was recovered in an isolated area 10 miles from town. This evidence indicates that Bryan was a likely suspect as the thief and lost his wallet when he abandoned the vehicle. When Bryan denied owning the wallet, police knew he was lying. That lie, indicating mens rea, combined with the circumstantial evidence implicating Bryan in the theft, provided probable cause to arrest him. *See Sibron v. New York,* 392 U.S. 40, 66–67, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968); *United States v. Herbst,* 641 F.2d 1161, 1166 (5th Cir.), *cert. denied,* 454 U.S. 851, 70 L. Ed. 2d 141, 102 S. Ct. 292 (1981); *State v. Valenzuela,* 121 Ariz. 274, 589 P.2d 1306 (1979); 1 W. LaFave, *Search and Seizure* § 3.6(f) (1978). *See also State v. Fricks,* 91 Wn.2d at 399; *State v. Byrd,* 25 Wn. App. 282, 286, 607 P.2d 321 (1980); *State v. Haverty,* 3 Wn. App. 495, 498, 475 P.2d 887 (1970).

Because police failed to advise Bryan of his *Miranda* rights after they had probable cause to arrest him, their statements confronting him with his lie and eliciting his admission that he owned the wallet constituted an impermissible custodial interrogation. *See State v. Dictado,* 102 Wn.2d at 291. Therefore, the court did not err by suppressing Bryan's subsequent statements to police. *Miranda v. Arizona,* 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *State v. Lavaris,* 99 Wn.2d 851, 856, 664 P.2d 1234 (1983).

The trial court entered a finding that Bryan's subsequent confession was affected by the impermissible custodial interrogation and was involuntary. This finding is supported by substantial evidence, and will not be dis-

turbed on appeal. *State v. McDonald,* 89 Wn.2d 256, 264, 571 P.2d 930 (1977); *State v. Hoyt,* 29 Wn. App. 372, 380, 628 P.2d 515, *review denied,* 95 Wn.2d 1032 (1981). Therefore, the court did not err in suppressing defendant's confession.[1] *See State v. Rupe,* 101 Wn.2d 664, 679, 683 P.2d 571 (1984); *State v. Lavaris,* 99 Wn.2d at 857–60.

Affirmed.[2]

WORSWICK, C.J., and ALEXANDER, J., concur.

Reconsideration denied May 16, 1985.

---

[1]The State argues that Officer Johnson did not have probable cause to arrest Bryan until after he admitted the wallet was his. However, Officer Johnson knew that the wallet was Bryan's before he began questioning him. If, as the State argues, police did not have probable cause to arrest Bryan before they confronted him with his lie, their arrest was without probable cause because Bryan's admission of ownership added nothing to the knowledge from which police could determine whether they had probable cause to arrest. If the arrest was without probable cause, Bryan's subsequent confession would be inadmissible if obtained by the exploitation of that illegality. *State v. Byers,* 88 Wn.2d 1, 8, 559 P.2d 1334 (1977), *modified in State v. Williams,* 102 Wn.2d 733, 741 n.5, 689 P.2d 1065 (1984); *State v. Lewis,* 19 Wn. App. 35, 40–42, 573 P.2d 1347 (1978). *See State v. Bonds,* 98 Wn.2d 1, 8, 653 P.2d 1024 (1982), *cert. denied,* ___ U.S. ___, 78 L. Ed. 2d 112, 104 S. Ct. 111 (1983). The trial court's finding that Bryan's confession was the fruit of the prior police interrogation also means that the confession was obtained by the exploitation of the arrest. Thus, if the arrest was without probable cause, Bryan's confession still would have to be suppressed.

[2]After oral argument in this case, the United States Supreme Court ruled in *Oregon v. Elstad,* ___ U.S. ___, 84 L. Ed. 2d 222, 105 S. Ct. 1285 (1985), that although statements in response to unwarned but uncoerced questions are properly excluded, later uncoerced statements given after appropriate *Miranda* warnings are admissible. However, the State below relied entirely upon the argument that there was no probable cause when the incriminating statements acknowledging the lie were made at defendant's home and therefore warnings were not required. It did not argue that though the statements in response to questioning at the defendant's home may be excluded, the uncoerced statements made after *Miranda* warnings should have been admitted. Issues not presented to the trial court will not be considered on appeal. *Smith v. Shannon,* 100 Wn.2d 26, 37, 666 P.2d 351 (1983).