IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31000-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RODOLFO GALVAN, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Benton County charged Rodolfo Galvan with unlawful possession of

a controlled substance and possession of drug paraphernalia after methamphetamine was

found in the car Mr. Galvan was driving. Mr. Galvan appeals. He contends that the trial

court erred in denying to suppress the evidence found in the car and the statements he

made to police. We conclude the trial court properly denied the motion to suppress and

we, therefore, affirm the convictions.

## FACTS

On March 24, 2011, at approximately 10:45 p.m., Mr. Galvan was driving home

alone when he was stopped by Washington State Patrol Trooper David Brandt. Trooper

Brandt initiated the stop because he noticed that one of the vehicle's headlights was

inoperative. Upon contacting Mr. Galvan, Trooper Brandt detected the odor of fresh marijuana emitting from the vehicle. Trooper Brandt also noticed that Mr. Galvan was acting nervous. Trooper Brandt questioned Mr. Galvan about whether there was marijuana in the vehicle. Mr. Galvan told Trooper Brandt that there was none. Trooper Brandt ordered Mr. Galvan out of the vehicle, handcuffed him, and detained him to investigate. Trooper Brandt noticed that the marijuana odor changed to burnt marijuana coming from Mr. Galvan.

Trooper Brandt took Mr. Galvan to the front of the patrol car and read Mr. Galvan his constitutional rights. Trooper Brandt's report was written two days after the incident and did not include any information about Mr. Galvan's acknowledgement of his rights or his waiver of those rights. However, at the suppression hearing over one year later, Trooper Brandt testified that Mr. Galvan stated that he understood his rights and agreed to talk to Trooper Brandt.

Trooper Brandt asked about Mr. Galvan's last use of marijuana. Mr. Galvan told Trooper Brandt that he last smoked marijuana two months ago. Trooper Brandt then had Mr. Galvan tilt his head back. Trooper Brant noticed that Mr. Galvan's eyes were fluttering, consistent with recent marijuana use. Trooper Brandt also noticed that Mr.

Galvan's taste buds were green, also consistent with marijuana use. Mr. Galvan then admitted that he smoked marijuana two hours earlier.

Mr. Galvan was placed under arrest for possession of marijuana. Trooper Brandt searched Mr. Galvan and located approximately $1,100 in cash in Mr. Galvan's pockets and wallet. Trooper Brandt did not find any marijuana. The search occurred prior to Mr. Galvan being placed in the patrol car.

Mr. Galvan did not sign the consent form to search the vehicle. From outside of the vehicle, Trooper Brandt observed a blue padlocked gun case on the rear passenger side floorboard. Trooper Brandt asked Mr. Galvan what was in the case and Mr. Galvan said it was a lighter. Trooper Brandt did not believe that the case contained a gun or that Mr. Brandt was prohibited from carrying a gun.

Trooper Brandt seized Mr. Galvan's vehicle and had it towed to the Washington State Patrol bullpen. Trooper Brandt released Mr. Galvan and told him that he would forward charges for the possession of marijuana to the Benton County Prosecuting Attorney. The charge was based on Trooper Brandt's observations and the marijuana odor emitting from Mr. Galvan.

After impounding the vehicle, Trooper Brandt completed a search warrant affidavit for the vehicle. Trooper Brandt called Judge Dan Kathyrn and read the affidavit

3

to the judge. The affidavit requested permission to search the vehicle for controlled substances including but not limited to marijuana and any evidence of distribution of those controlled substances. Judge Kathryn gave permission to affix his signature to the search warrant.

The search warrant completed by Trooper Brandt contained additional information that was not included in the affidavit read to Judge Kathryn. The search warrant also allowed for the search of the "[e]ntire vehicle including engine compartment, covered bed of vehicle, all interior compartments, any open, closed, locked or otherwise sealed containers/compartments located inside or outside of the vehicle." Clerk's Papers (CP) at 63.

The glove compartment of the vehicle was locked. Trooper Robert Morris unlocked the glove compartment and found a handgun and a clear bag containing white powder and small chunks. The troopers also opened the padlocked gun case and found a lighter and a wooden scoop with white powder residue. In the unlocked center console of the vehicle, Trooper Brandt found a black digital scale with powder residue. The chunks and white powder residue tested positive for methamphetamine.

Mr. Galvan was charged with one count of unlawful possession of a controlled substance, methamphetamine, and one count of possession of drug paraphernalia. Mr.

Galvan sought to suppress his statements to Trooper Brandt and the evidence found in his car. After a hearing, the trial court denied the motion. A stipulated facts trial was held, and Mr. Galvan was found guilty of the crimes charged.

Mr. Galvan appeals. He assigns error to the trial court's denial of his motion to suppress.

ANALYSIS

*Unlawful Search.* Appellate review of a denial of a motion to suppress requires the court to determine "whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law." *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). "Evidence is substantial when it is sufficient to persuade a fair-minded person of the truth of the stated premise." *State v. Reid*, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999). Evidence seized during an illegal search must be suppressed under the exclusionary rule. *State v. Gaines*, 154 Wn.2d 711, 716-17, 116 P.3d 993 (2005).

Mr. Galvan contends that the search of his person was unlawful because he was not under custodial arrest. He maintains that Trooper Brandt did not intend to take Mr. Galvan to jail so there was no need for anything more than a brief frisk for weapons.

5

Warrantless searches are "per se" unreasonable under both the state and federal constitutions. *State v. Walker*, 136 Wn.2d 678, 682, 965 P.2d 1079 (1998). A search incident to a lawful arrest is a recognized exception to the warrant requirement. *State v. Boursaw*, 94 Wn. App. 629, 632, 976 P.2d 130 (1999) (quoting *State v. Smith*, 119 Wn.2d 675, 678, 835 P.2d 1025 (1992)). The exception allows an officer to search an arrestee for weapons as a measure to protect the officer, or to search for evidence that may be destroyed. *State v. McKenna*, 91 Wn. App. 554, 560-61, 958 P.2d 1017 (1998).

A valid custodial arrest is a condition precedent to a search incident to arrest. *State v. O'Neill*, 148 Wn.2d 564, 587, 62 P.3d 489 (2003). Law enforcement must have probable cause to arrest and the search must be contemporaneous with the arrest. *McKenna*, 91 Wn. App. at 560.

When an arrest is noncustodial, the justification for the search is absent because the encounter will likely be brief, and the motivation to destroy evidence or use a weapon will be slight. *Id.* at 561.

Whether a person is in custody depends on whether a reasonable person under the same circumstances as the suspect would have considered himself or herself under a custodial arrest. *State v. Reichenbach*, 153 Wn.2d 126, 135, 101 P.3d 80 (2004). The test is objective and hinges on the manifestation of the arresting officer's intent. *State v.*

*Salinas*, 169 Wn. App. 210, 218, 279 P.3d 917 (2012), *review denied*, 176 Wn.2d 1002, 297 P.3d 67 (2013).

Manifestations of intent indicating custodial arrest include handcuffing the suspect and placing him in the back of the patrol car. *State v. Radka*, 120 Wn. App. 43, 49, 83 P.3d 1038 (2004). Courts also consider whether the officer informed the defendant that he was under arrest. *State v. Patton*, 167 Wn.2d 379, 387, 219 P.3d 651 (2009).

The search of Mr. Galvan was a lawful search pursuant to a custodial arrest. Under the circumstances, a reasonable person under the same circumstances as Mr. Galvan would have considered himself or herself under a custodial arrest. Trooper Brandt told Mr. Galvan that he was under arrest. Trooper Brandt ordered Mr. Galvan out of the vehicle, handcuffed him, took Mr. Galvan to the front of the patrol car, and questioned him about marijuana use. Trooper Brandt told Mr. Galvan that he was being detained for the possession of marijuana and read Mr. Galvan his constitutional rights. Mr. Galvan then admitted that he smoked marijuana two hours earlier. There is no indication that Mr. Galvan was free to leave. Mr. Galvan's subsequent release after the arrest does not negate Trooper Brandt's intent to place Mr. Galvan under custodial arrest for narcotics possession.

The search of Mr. Galvan was not unlawful.

*Search of the Locked Compartments and Particularity Requirement for Warrant.*

"Whether a warrant meets the particularity requirement of the Fourth Amendment is reviewed de novo." *State v. Stenson*, 132 Wn.2d 668, 691, 940 P.2d 1239 (1997).

Mr. Galvan contends that the search of the locked glove compartment and locked container in the vehicle exceeded the scope of the search warrant because Trooper Brandt failed to particularly identify these areas in the affidavit to search.

The particularity clause of the Fourth Amendment requires search warrants to specifically identify both the location to be searched and the items to be seized. U.S. CONST. amend. IV. "The purpose of the particularity requirement is to prevent the State from engaging in unrestricted 'exploratory rummaging in a person's belongings' for any evidence of any crime." *State v. Askham*, 120 Wn. App. 872, 878, 86 P.3d 1224 (2004) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971)). The description of the items sought in the search must be as specific as circumstances permit. *Stenson*, 132 Wn.2d at 692. The description of the location to be searched must identify the location adequately enough so that the officer executing the warrant can, with reasonable care, identify the place intended. *State v. Cockrell*, 102 Wn.2d 561, 569-70, 689 P.2d 32 (1984).

8

Here, the search warrant and accompanying affidavit described with particularity the location to be searched and items to be seized. Both the affidavit and the search warrant identified the car driven by Mr. Galvan as the location to be searched. Also, both identified the items to be seized as controlled substances including but not limited to marijuana, any evidence of distribution of those controlled substances, and any evidence of exercise of domain and control of the vehicle. The search of the locked glove compartment and the padlocked case were within the particular scope of the search warrant as they both were inside the car and both could possibly contain evidence of controlled substances. The particularity clause was not violated.

The fact that the search warrant gave more detail than the affidavit does not invalidate the search. The search warrant merely clarified that the entire vehicle would be searched, including all interior compartments, any open, closed, locked, or otherwise sealed containers and compartments located inside or outside of the vehicle. These areas are all areas inside the vehicle that could contain evidence of controlled substances. The search warrant did not change the parameters of the search that Judge Kathyrn agreed upon.

Mr. Galvan relies on *State v. Monaghan*, 165 Wn. App. 782, 266 P.3d 222 (2012) to establish that particular permission must be obtained before conducting a search of a

locked container. Mr. Galvan's reliance on *Monaghan* is misplaced. *Monaghan* involved the scope of a search based on a person's consent to the area to be searched, which did not include a locked safe inside the vehicle. *Id.* at 789. Here, Mr. Galvan's consent to the search is not at issue. Instead, in Washington, when a warrantless search of a vehicle occurs incident to arrest, and the officer discovers a locked container or glove compartment, the officer must first obtain a warrant before unlocking and searching those areas. *State v. Vrieling*, 144 Wn.2d 489, 492, 28 P.3d 762 (2001). Trooper Brandt obtained a search warrant before searching the vehicle and its locked compartments and containers. Particular permission to search the locked compartments and containers was within the scope of the search warrant.

The search warrant did not violate the particularity requirement of the Fourth Amendment.

*Knowing, Intelligent, and Voluntary Waiver of Rights.* Mr. Galvan contends that the trial court erred by denying to suppress the statements he made to Trooper Brandt. Mr. Galvan contends that he did not knowingly, intelligently, and voluntarily waive his rights before making the statements.

Prior to a custodial interrogation, a defendant must be warned of his right to remain silent and the right to the presence of an attorney. *Miranda v. Arizona*, 384 U.S.

436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). A defendant can waive these rights given in a *Miranda* warning provided that the wavier is knowing, voluntary and intelligent. *State v. Bradford*, 95 Wn. App. 935, 944, 978 P.2d 534 (1999). The State bears the burden of proving voluntariness by a preponderance of the evidence. *State v. Braun*, 82 Wn.2d 157, 162, 509 P.2d 742 (1973). "When a trial court determines a confession is voluntary, that determination is not disturbed on appeal if there is substantial evidence in the record from which the trial court could have found the confession was voluntary by a preponderance of the evidence." *State v. Aten*, 130 Wn.2d 640, 664, 927 P.2d 210 (1996).

In determining whether a defendant voluntarily waived *Miranda* rights, the appellate court considers the totality of the circumstances. *State v. Allen*, 63 Wn. App. 623, 626, 821 P.2d 533 (1991). The test for voluntariness is whether "'the confession [is] the product of an essentially free and unconstrained choice by its maker.'" *State v. Thompson*, 73 Wn. App. 122, 131, 867 P.2d 691 (1994) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)). Factors that a court considers in assessing the totality of the circumstances include the defendant's physical condition, age, mental abilities, experience, and the conduct of the police. *Aten*, 130 Wn.2d at 664. A voluntary waiver need not be expressed; it may be implied by the

facts and circumstances under which the statement is made. *State v. Haverty*, 3 Wn. App. 495, 498, 475 P.2d 887 (1970).

Here, the trial court did not err by denying Mr. Galvan's motion to suppress his statements. There is substantial evidence in the record to support the trial court's determination that Mr. Galvan gave a knowing, voluntary, and intelligent waiver after being given a *Miranda* warning by Trooper Brandt. The trial court concluded that Mr. Galvan waived his constitutional rights and knew what he was doing at the time as indicated by his subsequent decision to deny consent to search the vehicle. Indeed, the report filed by Trooper Brandt indicated that Mr. Galvan knew enough to deny consent to search his car. Based on this denial, it can be deduced that Mr. Galvan also knew that he had the right to choose whether or not to answer Trooper Brandt's questions. In fact, Mr. Galvan chose not to answer at least one of the questions posed by Trooper Brandt. Although Mr. Galvan seemed nervous when answering the questions, there is no evidence that Mr. Galvan did not know that he could refuse to answer the questions.

Trooper Brandt informed Mr. Galvan that he was under arrest for possession of marijuana and read to Mr. Galvan the constitutional rights provided to him. There is no evidence that Trooper Brandt subjected Mr. Galvan to any threats, trickery, or intimidation to elicit answers to the questions. The evidence is sufficient to show that Mr.

12

No. 31000-1-III
*State v. Galvan*

Galvan knew his rights, and voluntarily, knowingly and intelligently waived them when he made his statements.

The trial court did not err in denying Mr. Galvan's motion to suppress statements made to Trooper Brandt.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____          _____
Brown, J.                                          Siddoway, A.C.J.

13

Renee S. Townsley
Clerk/Administrator

(509) 456-3082
TDD #1-800-833-6388

# The Court of Appeals
## of the
## State of Washington
### Division III

500 N Cedar ST
Spokane, WA 99201-1905

Fax (509) 456-4288
http://www.courts.wa.gov/courts



November 14, 2013

**E-mail**
Emily Kay Sullivan
Benton County Prosecutor
7122 W Okanogan Pl Bldg A
Kennewick, WA  99336-2359

Michelle Tobin Trombley
Rodriguez & Associates, P.S.
7502 W Deschutes Pl
Kennewick, WA  99336-7719
mtrombley@rodriguezlawwa.com

**E-mail**
Andrew Kelvin Miller
Benton County Prosecutors Office
7122 W Okanogan Pl Bldg A
Kennewick, WA  99336-2359

Norma Rodriguez
Rodriguez & Associates, PS
7502 W Deschutes Pl
Kennewick, WA  99336-7719
norma@rodriguezlawwa.com

CASE # 310001
State of Washington v. Rodolfo Galvan
BENTON COUNTY SUPERIOR COURT No. 111006691

Counsel:

Enclosed please find a copy of the opinion filed by the Court today.

A party need not file a motion for reconsideration as a prerequisite to discretionary review by the Supreme Court.  RAP 13.3(b); 13.4(a).  If a motion for reconsideration is filed, it should state with particularity the points of law or fact which the moving party contends the court has overlooked or misapprehended, together with a brief argument on the points raised.  RAP 12.4(c).  Motions for reconsideration which merely reargue the case should not be filed.

Motions for reconsideration, if any, must be filed within twenty (20) days after the filing of the opinion.  Please file an original and two copies of the motion.  If no motion for reconsideration is filed, any petition for review to the Supreme Court must be filed in this court within thirty (30) days after the filing of this opinion (may be filed by electronic facsimile transmission).  The motion for reconsideration and petition for review must be received (not mailed) on or before the dates they are due.  RAP 18.5(c).

Sincerely,

Renee S. Townsley
Clerk/Administrator

RST:pb
Enc.

c:  **E-mail**
    Hon. Craig Matheson
c:  Rodolfo Galvan
    1055 E 27th Ave.
    Kennewick, WA  99337-5552