Filed 5/2/23  P. v. Dickens CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEAF JAMES DICKENS,<br><br>Defendant and Appellant. | C096043<br><br>(Super. Ct. Nos. P20CRF0342,<br>P20CRF0214, P20CRF0368,<br>21CR0040, & 21CR0122) |

Defendant Leaf James Dickens, while under mandatory community supervision, entered an employee-only bathroom of a grocery store and disregarded the store manager's request to leave.  The trial court found that defendant committed a trespass in violation of his supervision.  It reinstated defendant's mandatory supervision and sentenced him to 60 days in county jail.

On appeal, defendant raises three claims:  (1) there was insufficient evidence of trespass; (2) he was deprived of due process because he received inadequate notice of his

1

violation; and (3) the trial court erred in admitting testimony about a call log that showed he was told to leave the store before the current offense.

We conclude: (1) there was sufficient evidence of trespass; (2) defendant received adequate written notice of his violation from the petition for revocation and pretrial release report; and (3) we need not address the admission of the call log, because the testimony about the call log was unnecessary to support the trial court's trespass finding. The judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2022, the trial court imposed a six-year eight-month sentence on defendant, a portion of which was to be served under mandatory community supervision. As a condition of the supervision, defendant was required to obey all laws.

While subject to mandatory community supervision, on March 1, 2022, defendant entered and locked a bathroom in an employee-only area of a grocery store. To enter the area, defendant had to pass through a door with an employee-only sign. The store manager asked defendant if he could come out and told him she wanted to make sure that he was all right. Defendant did not respond. After about 30 minutes, the manager called the sheriff's office for help removing defendant from the store. When the sheriff's deputy arrived, defendant had already left the store. The deputy found defendant outside the store and arrested him.

The People petitioned for revocation of mandatory community supervision, alleging defendant had failed to comply with the terms and conditions of his supervision because he committed a trespass in violation of Penal Code section 602, subdivision (m).[1] The petition referenced a sheriff's office report concerning the incident. The pretrial release report, on the other hand, noted defendant was arrested for violation of

---

[1] Undesignated statutory references are to the Penal Code.

2

subdivision (t)(1) after he locked himself in an employee-only bathroom and refused to leave.

At the revocation hearing, defense counsel argued no trespass occurred because defendant did not occupy the premises as required in section 602, subdivision (m), citing *People v. Wilkinson* (1967) 248 Cal.App.2d Supp. 906. The People responded that subdivision (o), which prohibits an individual from refusing to leave the property upon request, also applied. Defense counsel objected, arguing the People gave no notice of their reliance on this subdivision as a ground for revocation, but he did not seek to continue the hearing. The trial court stated the matter was "more properly a [section] 602[, subdivision ](o) [violation] based on the facts" and commented that it was a better practice for the People to "allege the conduct rather than the code section," as "it can lull the defense into thinking that they've got a basis to beat the allegation . . . because it's improperly alleged." It nevertheless found defendant "commit[ted] a trespass" and revoked his mandatory community supervision.

Defendant timely appealed.

## DISCUSSION

### I

*Sufficiency of the Evidence*

Defendant contends there was insufficient evidence to support a trespass in violation of section 602, subdivisions (m), (o), or (t)(1). The People agree, as do we, that there was insufficient evidence of a violation of subdivisions (m) or (t)(1) because defendant did not occupy the bathroom and had not committed any crimes in the store. But we conclude substantial evidence supports a trespass under subdivision (o).

A.      *Standard of Review*

A trial court may revoke mandatory supervision if it finds the person under supervision has committed another offense or otherwise violated the terms and conditions of supervision. (§ 1203.2, subd. (a).) The prosecution bears the burden to prove the

3

grounds for revocation by a preponderance of evidence. (*People v. Buell* (2017) 16 Cal.App.5th 682, 687.)

On appeal, we review the trial court's revocation order for abuse of discretion and the factual findings in support of the order for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) In a substantial evidence review, we consider only "whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848, fn. omitted.) In doing so, we afford "great deference to the trial court" and resolve all conflicting evidence in favor of the trial court's decision. (*Id.* at p. 848; see *id.* at p. 849.) "The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the finding or order." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

B.      *Section 602, Subdivision (o)*

A person commits a trespass under section 602, subdivision (o) by "[r]efusing or failing to leave land, real property, or structures belonging to or lawfully occupied by another and not open to the general public, upon being requested to leave by . . . the owner, the owner's agent, or the person in lawful possession."

Here, defendant entered a bathroom in an employee-only area of the store. The area was closed to the public because it was behind a door with an employee-only sign. (See *People v. Colbert* (2019) 6 Cal.5th 596, 607 [members of the public exceed the physical scope of their invitation when they venture into private back offices, employee locker rooms, or other interior rooms that are objectively identifiable as off-limits].) Then he failed to leave the bathroom upon request by the store manager, who was an employee of the lawful occupant of the property, and he remained there for about 30 minutes. Although, as defendant points out, there was no evidence that the store manager asked him to leave the employee-only area or the store, the request to leave the bathroom

4

satisfied section 602, subdivision (o) because the bathroom was closed to the general public. Thus, substantial evidence supports the trial court's trespass finding.

Defendant contends that because he eventually left the store, there was no substantial evidence of him refusing to leave. But in a substantial evidence review, we "do not reweigh the evidence" and will uphold a judgment supported by substantial evidence "even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence." (*In re Dakota H.*, *supra*, 132 Cal.App.4th 212, 228.) Thus, the evidence of defendant eventually leaving the store is, at best, competing evidence that we do not reweigh and resolve in favor of the trial court's decision.

C.    *Section 602, Subdivisions (m) and (t)(1)*

Section 602, subdivision (m) prohibits "[e]ntering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession." The " 'occupy[ing]' " element in this subdivision requires proof of a "nontransient, continuous type of possession." (*People v. Wilkinson*, *supra*, 248 Cal.App.2d Supp. at p. 910.) A stay by nonresidents "from somewhere between one hour and several hours" at a resident-only clubhouse bathroom did not constitute " 'occupying' " under subdivision (m). (*In re Y.R.* (2014) 226 Cal.App.4th 1114, 1120.) Here, defendant stayed in the employee-only bathroom for about 30 minutes. Such a transient stay, as the People rightly concede, did not violate subdivision (m).

Section 602, subdivision (t)(1) prohibits a person from entering private property after having been informed by a peace officer that the property is not opened to him or her. This subdivision applies only to a person "who has been convicted of a crime committed upon the particular private property." (§ 602, subd. (t)(2).) Here, the record contains no evidence that defendant had committed any crime at the store. We thus accept the People's concession that a trespass under this subdivision was not supported by substantial evidence.

Defendant additionally contends that the trial court improperly admitted hearsay testimony about a sheriff's office call log and violated his due process rights. But this testimony was offered to prove only that a sheriff's deputy asked defendant to leave the store prior to the current offense. It is relevant only as to section 602, subdivision (t)(1), which we held inapplicable. We also concluded that there was sufficient evidence supporting the trespass finding under subdivision (o) without the testimony about the call log. Thus, we need not address the propriety of its admission.

## II

### *Notice of Violation*

Defendant seeks reversal of his supervision revocation, contending he was denied his due process right to adequate notice.[2] We disagree.

The revocation of parole is not part of a criminal prosecution and thus a defendant is not entitled to the full panoply of the Sixth Amendment rights available in criminal trials. (*Morrissey v. Brewer* (1972) 408 U.S. 471, 480.) The defendant nevertheless is entitled to written notice of the claimed violations under the due process clause of the Fourteenth Amendment. (*Morrissey,* at p. 489.) The due process in a revocation proceeding is "flexible and calls for such procedural protections as the particular situation demands." (*Id.* at p. 481.)

Our Supreme Court extended the due process requirements under *Morrissey* to probation proceedings. (*People v. Vickers* (1972) 8 Cal.3d 451, 458.) The Legislature later incorporated the protections recognized by *Morrissey* and *Vickers*, and their progeny, into mandatory supervision revocation procedures. (Senate Bill No. 1023 (2011-2012 Reg. Sess.); Stats. 2012, ch. 43, § 2, subd. (b).)

---

[2] Defendant also asks us to reverse his conviction. But the record does not show that he was separately convicted of trespassing.

Here, defendant received adequate written notice of the conduct that formed the basis of the revocation, satisfying his due process rights. The revocation petition stated defendant violated the terms and conditions of his supervision on March 1, 2022, and referenced a report from the sheriff's office about the incident. The pretrial release report also alleged defendant "locked himself in an employee restroom and was refusing to leave" and stated he "failed to obey all laws in that he was in violation of trespassing." These two documents adequately advised defendant that the People sought to revoke his supervision based on his failure to leave the employee-only bathroom at the grocery store on March 1, 2022. (See *People v. Baker* (1974) 38 Cal.App.3d 625, 629 [probationer had adequate notice of alleged violations contained in supplemental probation report provided to counsel at the revocation hearing].)

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.

7